## Patrick Ryan v. John Wilson and Another.

Where the operative words of a grant are confined to one parcel of land, and the court is asked to extend them to another, the intention of the grantor to convey that other should so clearly appear on the face of the deed, as not to leave a reasonable doubt in regard to it; and no principle of law should be violated in carrying it out.

A deed, by which the grantor granted and conveyed to his son the one-half of his farm, "consisting of forty acres, more or less, namely: The N. E. qr. of the N. E. qr. of section 12, town 7 north of range 10 E., the said party of the first part reserving to himself the other part of said farm, namely: the N. W. qr. of the N. E. qr. section 12, for and during his natural life, and after his decease, the said N. W. qr. of the N. E. qr. to revert to the said party of the second part and his heirs forever," does not convey to the grantee any interest in the last described parcel of land.

*Heard October 10th. Decided October 30th.*

Case made after judgment from Lapeer Circuit.

The action was ejectment, brought by Patrick Ryan, to recover the northwest quarter of the northeast quarter of section twelve, in town seven north of range ten east, which he claimed under a deed from Thomas Ryan, which is sufficiently set forth in the opinion. Thomas Ryan died before the suit was brought, and the sole question involved in the suit was whether the land above described was conveyed by the deed.

The Circuit Court gave judgment for defendants.

*M. Wisner*, for plaintiff.

*Maynard & Meddaugh*, for defendants, cited, 5 *Fost.* 426; 1 *Fost.* 528; 22 *Vt.* 98; 20 *Pick.* 514; 3 *Pick.* 272.

MANNING J.:

Thomas Ryan, being the owner of a farm consisting of two forty acre lots, on the fifteenth day of September, 1845, by indenture of that date, between himself of the first part, and Patrick Ryan, his son, of the second part, in consideration of one dollar, did "grant, bargain, sell, remise, release, alien and confirm unto the said party of

the second part, to his heirs and assigns forever, the one-half of his farm, consisting of forty acres, more or less, namely: The N. E. qr. of the N. E. qr. of section 12, town 7 N. of range 10 E., the said party of the first part reserving to himself the other part of said farm, namely: the N. W. qr. of the N. E. qr. of section 12, town seven north of range 10 E., for and during his natural life, and after his decease, the said N. W. qr. of the N. E. qr. to revert to the said party of the second part, and his heirs forever."

The only question in the case is, whether by this conveyance the lot first mentioned, only, passed to the grantee, or both lots, with a reservation of a life estate to the grantor in the last mentioned lot.

As stated on the argument, the language of a deed is to be construed most strongly against the grantor, and so as to give effect to the intention of the parties appearing on the face of the whole instrument. In the present case, the operative words of the grant are confined to one lot, and the court is asked to extend them to both lots, on the ground that the grantor intended to convey both. To give effect to the intention of the grantor in such a case, the intent should so clearly appear on the face of the deed as not to leave a reasonable doubt in regard to it, and no principle of law should be violated in carrying it out. The grantor may have intended to convey the northwest quarter to his son, but the words following the grant of the northeast quarter, relied on as showing such intention of the grantor, we do not think sufficiently clear and free from ambiguity for that purpose. The language is, "the said party of the first part reserving to himself the other half of said farm, namely: the N. W. qr. of the N. E. qr. of section 12, town 7 north of range 10 E., for and during his natural life, and after his decease, the N. W. qr. of the N. E. qr. to revert to the said party of the second part, and his heirs forever." By

these words, the grantor may have intended nothing more than to designate the half of the farm he intended to keep for himself, and his then intention to give it to his son at his death. This is quite as probable as that he intended to give his son at that time the whole farm. We use the word *give*, as the part conveyed (the conveyance being from father to son, and the consideration nominal, but one dollar) was most probably a gift, and not a sale. For these reasons, we think the judgment of the court below should be affirmed.

MARTIN CH. J. and CHRISTIANCY J. concurred.

CAMPBELL J.:

I concur in the decision of this case, on the ground stated by my brethren, and on the further ground that, in my opinion, no estate can pass by deed that is not embraced plainly within the words of grant.