MARCELINE MUNRO V. POLLIE F. MEECH ET AL.

*Deed—Construction—Res judicata—Parol testimony—Assignment for benefit of creditors—Bona fide purchaser.*

1. The fact that the permanent and exclusive use of the land is essential to the enjoyment of a right granted therein will not operate to convey the fee.

2. A deed by which the grantor, after reciting his ownership in fee of a certain parcel of land, grants, bargains, sells, and quitclaims to the grantee, his heirs and assigns. forever, " the right to build and use a dock upon the front of " a certain portion of the land, only conveys the right to *use* the portion designated for the purpose mentioned in the granting clause.

3. Parol testimony is admissible to show that the merits of the case were not decided in a former suit, pleaded in bar; citing *Lyman v. Becannon,* 29 Mich. 466; *Franks v. Fecheimer,* 44 Id. 177.

4. A *bona fide* purchaser for value from the grantee of the assignee of an insolvent debtor, who executed his trust without filing the required statutory bond, and without objection from the assignor and the creditors on that ground, will be protected as against a deed executed by the assignor before the assignment, but not recorded until after the execution of the deed to the purchaser; citing *Fuller v. Hasbrouck,* 46 Mich. 78; *Butler v. Wendell,* 57 Id. 62; *Abbott v. Chaffee,* 83 Id. 256.

Error to Charlevoix. (Ramsdell, J.) Argued January 13, 1893. Decided February 10, 1893.

Ejectment. Defendants bring error. Reversed. The facts are stated in the opinion.

*Fred W. Mayne (Chamberlain & Guise,* of counsel), for appellants.

*R. L. Corbett,* for plaintiff.

GRANT, J. One Cole, being the owner in fee of a piece of land bordering on a lake in the village of South

Arm, Charlevoix county, executed to one John Munro an
instrument of conveyance, the material parts of which read
as follows:

" *Whereas*, the said party of the first part, at the time
of the sealing and delivery of these presents, is seized in
fee of certain premises, described as follows, to wit:    A
piece of land whose superficial area is to be not less than
120 feet by 120 feet, and to have a frontage upon the
south arm of Pine lake of not less than 120 feet, and a
frontage of not less than 120 feet upon a street to be laid
out on fraction six of section 23, township 32 north, of
range 7 west, in a nearly parallel line to the shore bound-
ary of said fraction; said land to be bounded north-
wardly by a piece of land formerly owned by W. F.
Empey; the division line between said two pieces of land
being at an ash tree, which stands nearly equidistant from
a warehouse upon the above-described premises, and a
blacksmith shop on the said Empey land.    Said land is
hereafter to form two village lots of a village to be laid
out on said fraction six, of which the land above described
forms a part.

"Now, therefore, this indenture witnesseth, that the party
of the first part, for and in consideration of the sum of
ten dollars to them in hand paid by the party of the
second part, the receipt whereof is hereby confessed and
acknowledged, do by these presents grant, bargain, sell,
remise, release, and forever quitclaim unto the said
party of the second part, and to his heirs and
assigns, forever, the right to build and use a dock
upon the front of the above-described land, beyond
a line commencing at the most south-eastern pile
now driven in the water in front of the above-described
land, and extending due north until it intersects a line
extending from the above-mentioned street to the lake,
and thence to the center of the channel of said lake; said
line being a parallel line to the southerly line of said land,
and 60 feet distant therefrom.    The above right to include
all the rights of the said party of the first part south and
east of said lines.

" Together with, all and singular, the hereditaments and
appurtenances thereunto belonging, or in anywise apper-
taining; to have and to hold the said right to the said
party of the second part, and to his heirs and assigns, to
the sole and only proper use, benefit, and behoof of the

said party of the second part, his heirs and assigns, forever."

Subsequently the land described in the recital was platted as lots 1 and 2 of block A of the village of South Arm.

Plaintiff claims title by mesne conveyances from John Munro, and in her declaration alleges that she is the owner in fee of the land described in the recital of the deed from Cole to Munro.

The defendants are in possession, and claim title under a deed from the assignee of John Munro, an insolvent debtor.

1. The principal question in the case arises upon the construction to be given to the deed from Cole to Munro; plaintiff contending that it conveyed the fee of the land, and defendants contending that it conveyed only an easement or corporeal hereditament. The intent to be gathered from " the four corners " of the instrument must control, and every word given effect, and harmonized with the rest of the instrument, if possible. *Moran v. Lezotte,* 54 Mich. 83. The enjoyment of the particular right granted may require the permanent and exclusive use of the land out of which it is granted, but this will not operate to convey the fee. Chief Justice Shaw, speaking for the supreme court of Massachusetts, said:

" The general rule is that the right of the public or of individuals to the use of the land of others, for a precise and definite purpose, not inconsistent with a general right of property in the owner of the soil, is, in contemplation of law, an easement or franchise, and not a right of property in the soil, even though it deprive the owner for the time being of all useful or beneficial interest in the land." *Harback v. Boston,* 10 Cush. 295; *Smith v. Wiggin,* 48 N. H. 105.

The deed in this case recites that the grantor is the owner of the fee, and he expressly conveys only the right to build and use a dock. The right so conveyed is

entirely consistent with the retention of the ownership of the soil. It is no more permanent or exclusive than the use of property acquired by grant for a railroad right of way, or for other railroad purposes.

In *Ryan v. Wilson,* 9 Mich. 262, the grantor conveyed to his son one-half of his farm, reserving to himself the other half, " for and during his natural life, and after his decease to revert to the party of the second part, and his heirs, forever."

It was held that no title to the land reserved passed by the deed to the grantee; Justice CAMPBELL holding that " no estate can pass by deed that is not embraced plainly within the words of grant."

In the present case no more apt words could be chosen to indicate the intention of the grantor to retain the fee, and convey only the right to use the land for the purpose mentioned. In view of this plain language, the words " the above right to include all the rights of the said party of the first part," etc., must be held to refer to the right conveyed, so that no doubt might exist as to the right of the grantee to use all the land south and east of said lines for the purpose indicated in the conveyance.

The plaintiff failed to prove the title set forth in the declaration, and the court erred in admitting the deed in evidence and in refusing to direct a verdict for the defendants.

2. In view of possible further litigation, it is proper to dispose of two other points raised in the case. Defendants pleaded a former suit in bar between this plaintiff and the two defendants Meech and Rathbone. After the introduction of the record of the judgment, plaintiff showed, by the minutes of a stenographer, that the court directed a verdict for the defendants for want of proper parties defendant. The ruling was correct. It is competent to show by parol that the merits of the case were.

not decided in a former suit, pleaded in bar.   *Franks v. Fecheimer,* 44 Mich. 177; *Lyman v. Becannon,* 29 Id. 466.

3. Defendants, in support of their title, offered in evidence a record of the general assignment for the benefit of creditors by John Munro to Henry A. Harmon, dated December 4, 1883, coupled with an offer to show a mesne conveyance from Harmon to the defendants.   It appears that the deed from Munro to plaintiff's grantor, though made before the deed of assignment, was not recorded until after the deed of assignment, and after the alleged deed from the assignee to the defendants' grantor.   Defendants further offered to show that the grantee of the assignee was a *bona fide* purchaser for value, without notice.   This evidence was rejected on the ground that it was not accompanied with proof that the assignee had duly executed and filed his bond as such assignee.   We think this was error. The purpose of this bond is to protect the assignor and his creditors.   If they make no objection for failure to file the bond, and the assignee proceeds and executes the trust, other parties cannot complain, and *bona fide* purchasers for value will be protected.   *Fuller v. Hasbrouck,* 46 Mich. 78; *Abbott v. Chaffee,* 83 Id. 256; *Butler v. Wendell,* 57 Id. 62.

Judgment reversed, and new trial ordered.

HOOKER, C. J., McGRATH and MONTGOMERY, JJ., concurred.   LONG, J., did not sit.