DETROIT TRUST CO. *v.* HOWENSTEIN.

1. LANDLORD AND TENANT—MODIFICATION OF LEASE—CONSTRUCTION OF CONTRACT.
   In action for rent under 99-year lease which had been modified by a subsequent compromise and settlement contract between lessor and lessee's assignees the agreement must be read as a whole with view to ascertaining intention of the parties.

2. SAME—ASSIGNMENT—LIABILITY FOR RENT.
   Lessee's assignees who hold by privity of estate only are not liable for rent after assignment by them.

3. SAME — ASSIGNMENT — MODIFICATION OF LEASE — LIABILITY FOR RENT.
   Lessee's assignees holding their interest by privity of estate only who enter into contract with lessor modifying the lease, making modification a part of it, declaring lease as modified in full force and effect, without reservations, are thereby con-

tractually substituted for lessee and bound to all of its provisions as expressly modified so that their assignment of the lease did not relieve them of liability for rent in view of provision in lease that it should be binding upon parties thereto and their assigns and that such provision should be construed as a covenant running with the land.

4. COSTS—SET-OFF OF EXECUTIONS.

Failure of plaintiff to pay costs adjudged against it in another suit between same parties does not prevent it from maintaining instant action since defendants herein may avoid injury by set-off of executions.

Appeal from Wayne; Moll (Lester S.), J. Submitted June 11, 1935. (Docket No. 79, Calendar No. 38,406.) Decided October 30, 1935.

Assumpsit by Detroit Trust Company, trustee under the last will of James E. Lee, deceased, against Helen C. Howenstein, William C. Restrick and Robert C. Restrick for rent due under a written lease. Summary judgment for plaintiff. Defendants appeal. Affirmed.

*Oxtoby, Robison & Hull,* for plaintiff.

*Corliss, Leete & Moody (Joseph J. Kennedy,* of counsel), for defendants.

FEAD, J. Plaintiff had summary judgment for rent.

May 23, 1913, James E. Lee, as lessor, and Charles Restrick, as lessee, entered into a 99-year lease of premises in Detroit at a rental of $2,400 per year, payable $200 per month, the lessee to erect a new building on the premises within five years. By supplemental agreement of January 31, 1918, the time for erection of the building was changed to 10 years and the lessee agreed to pay the additional rent of $50 per month for two years from May 1, 1918.

Restrick died March 9, 1920, leaving a will giving his estate to his wife for life, with remainder to his four children, the defendants herein, and Edna Restrick Evans who died February 24, 1927. Mrs. Restrick entered into possession of the premises, occupied them and paid the rent until her death, August 21, 1924. Upon her death, the children took possession and continued until they assigned.

While Mrs. Restrick had possession, Lee claimed default in the lease, in the respect of failure to erect the contracted building, and served notice of forfeiture on Mrs. Restrick and the four children. In June, 1923, the Restricks filed bill in chancery, under oath of all of them, against Lee to enjoin the forfeiture, alleging:

"Jane C. Restrick as widow of the deceased became the owner of a life interest in the said leased premises and in the strip of land adjoining same, and assumed the obligations of said lease, and the other plaintiffs herein became and are the owners of the reversionary interest in said leased premises and said adjoining land."

March 10, 1924, Lee, Mrs. Restrick and the four children executed an agreement in settlement of their controversy, which recited the execution of the original lease, the supplemental agreement extending time for erection of the building, the fact of the litigation, and provided:

"Now, therefore, it is mutually agreed between the parties hereto that the time within which to begin the erection of the building upon said premises described in paragraph 3 of said lease, be and the same is hereby extended for the period of three years commencing on the 1st day of April, A. D. 1924; and the second parties hereto agree to begin the erection of said building on or before March 31,

1927, and to fully build and complete the same within a reasonable time thereafter.''

Then followed a proviso that if, on March 31, 1927, street opening or widening proceedings affecting the premises should be pending before the common council of the City of Detroit, the Restricks should have an additional year after termination of the proceeding within which to begin the erection of a building; and if an award of damages or compensation should be made to either party, they should have one year after the payment of the award to complete the erection. The agreement next provided for payment to Lee of the rent impounded in the chancery suit and the Restricks agreed to pay interest thereon. It also provided for dismissal of the litigation, and—

"It is further mutually agreed, that the said parties of the second part shall in consideration of the extension of said building period hereinbefore mentioned, pay to the said party of the first part, his heirs or assigns, the sum of $50 per month payable monthly as additional rent of said premises under said lease, for the period of two years commencing April 1, 1924, and that upon the termination of said two-year period, to-wit, March 31, 1926, then the rental upon said premises shall thenceforth be in accordance with the terms of said original lease, to-wit, the sum of $200 per month, as therein provided.

"It is understood and agreed that all notices of default heretofore given by said first party in connection with the performance of the obligations of said lease are hereby withdrawn and cancelled and said lease is hereby acknowledged to be in full force and effect in accordance with its terms and conditions, excepting as modified by this agreement which is hereby made a part of said lease.''

Before expiration of the extended time, these defendants and Edna Restrick Evans erected a four-story brick building on the premises, costing approximately $45,000.

May 27, 1932, defendants assigned their interest in the lease to the Madison-Beaubien Company, a corporation, and about the same time the trustee of Edna Restrick Evans made similar assignment. The corporation tendered the rent to plaintiff, which refused to accept it or recognize the corporation as owner of the leasehold.

The contract could have been more specific, although counsel agree it is unambiguous. No oral testimony was taken and the agreement must be read as a whole with a view to ascertaining the intention of the parties.

Counsel agree that the Restricks originally took the leasehold as assignees of the lessee, held it by privity of estate only, and, therefore, would not have been liable for rent after assignment by them. The question is whether the agreement of March, 1924, changed the situation and operated to charge the Restricks with contractual liability for the obligations of the lease.

Defendants argue that, aside from settlement of the pending controversy, the agreement was contractual merely as to the matter of erecting the building, leaving the privity of estate status otherwise unimpaired; and they call special attention to the specific nature of the promises by the Restricks to erect the building, to pay interest, to pay additional rent of $50 per month, and the lack of express assumption of or promise to fulfil and other obligation of the lease.

Defendants' contention would produce the rather anomalous situation that, after the agreement, the

Restricks would not have been liable for the original $200 per month rent, if they had assigned their interest, because, as to it, they held by privity of estate, but that assignment would not have relieved them from contractual liability for erection of the building and the $50 per month additional rent. If such division of liability was within the contemplation of the parties, it seems it would have been expressed.

The situation at the time of the agreement was that Lee and the Restricks were operating under the lease and were the only persons interested therein. When they entered into the agreement, it must have been for the purpose of contractually fixing their rights and liabilities to each other in connection with the leasehold and the lease. Aside from the fact that in the litigation the Restricks had represented that Mrs. Restrick had assumed the obligations of the lease, the subsequent agreement was expressed in language which would be ordinary and natural in case the parties all understood that they were all bound by all the provisions of the lease.

By modifying the lease, making the modification a part of it, and declaring the lease as modified in full force and effect, without reservations, they could hardly have had an intention other than that the terms of the lease and modifications were accepted by and binding upon all of them, as defining their obligations to each other.

If any doubt should remain, it would seem to be dissipated by a provision of the lease which reads:

"17. It is further agreed that all of the covenants, agreements, conditions, obligations and undertakings herein contained, shall be binding upon the parties hereto, their representatives, heirs, executors, administrators, or assigns, as fully as if

they had been made parties to this agreement, and this agreement shall be construed as a covenant running with the land.''

We need not determine whether this language would charge an assignee with all the obligations of the lease in the absence of written and express acceptance. The agreement acknowledging this provision of the lease to be in full force is a specific contractual acceptance and adoption of it and of all rights and duties covered thereby, which includes all obligations of the lease.

We think the agreement must be construed as, in effect, contractually substituting the Restricks for the original lessee in the lease and binding them to all of its provisions as expressly modified. Consequently, their assignment of the lease to Madison-Beaubien Company did not relieve them of liability for rent.

Defendants further contend that plaintiff should not maintain this action because it has not paid the costs adjudged against it in another suit between the same parties, citing *Clark* v. *Bay Circuit Judge,* 154 Mich. 483. The *Clark Case* involved costs in prior proceedings in the same action, not in a separate suit. Defendants may avoid injury in this respect by set-off of executions. Other points raised by defendants follow the main question and need no discussion.

Affirmed, with costs.

POTTER, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.