GALPERIN v. MICHELSON.

1. LANDLORD AND TENANT—RENT BASED ON SALES—CONSTRUCTION OF LEASE.
   In suit for declaration of rights under lease requiring payment of a minimum rent and an additional rent "based upon the percentage of cash proceeds of gross sales, repairs and services made or performed in said premises, to-wit: eight per cent. of the gross sales, repairs, and services," the term "cash proceeds of gross sales" does not mean the same thing as "gross sales" where 80 per cent. of the gross sales are on credit.

2. CONTRACTS—CONSTRUCTION—INTENT.
   The intent of the parties should be gleaned from the written instrument of which construction is sought, if it is reasonably possible to do so.

3. SAME—ALL PARTS OF INSTRUMENT TO BE CONSTRUED.
   If possible such construction should be given an instrument as to give effect to all its parts and eliminate none.

4. LANDLORD AND TENANT—CONSTRUCTION OF LEASE—RENT BASED ON SALES—ACCOUNTING AS TO COLLECTIONS ON SALES MADE BEFORE TERM BEGAN.
   Tenant who agreed to pay a minimum rental for premises it occupied for retail credit jewelry business and an additional rent based upon a percentage of sales, repairs or services made or performed on the premises would not be required to furnish to lessor a statement of the collections made after the term began, on credit sales made before the term began.

5. SAME—CONSTRUCTION OF LEASE—PERCENTAGE OF SALES AS RENT.
   Lease providing for a minimum rental and additional rent based upon a percentage of sales, repairs or services made or performed on the premises would not require lessee to pay a per-

centage on any business done before term began, merely because collection of instalments on previous sales were made on the premises during the term nor would lessee be required to furnish lessor a statement as to such previously-made sales.

6. SAME—CONSTRUCTION OF LEASE—CASH PROCEEDS OF GROSS SALES —ACCOUNTING.

In construing lease requiring payment of rent in part based on amount of ''cash proceeds'' of gross sales, ''cash proceeds'' means the ''cash'' received from ''gross sales,'' not only that received during the term but thereafter until cash proceeds from such gross business are fully accounted for; hence periodic statements must be furnished landlord until accounting has been made in full.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 8, 1942. (Docket No. 35, Calendar No. 41,935.) Decided May 18, 1942.

Petition by Joseph L. Galperin and Sarah Galperin against Edwin I. Michelson, doing business as Edwin's Jewelers, for a declaration of rights as to the terms of a lease. From decree rendered, defendant appeals and plaintiffs cross-appeal. Modified and affirmed.

*Harry C. Markle,* for plaintiffs.

*John C. Ray* (*Everett D. Crowe,* of counsel), for defendant.

BOYLES, J. This is an appeal from a decree entered on a petition for declaration of rights. There is no dispute as to the facts. Defendant is engaged in the retail credit jewelry business in Wyandotte. In 1940, defendant (lessee) entered into a written 10-year lease with the owner of the premises at 3150 Biddle avenue, Wyandotte. Plaintiffs are the assignees of the owner-lessor's interest in the lease. The lease calls for a minimum rental of $400 per month for the term, plus certain additions. The

dispute arises over the construction of certain provisions for payment of additional rental, based upon the business done by the defendant-lessee. These provisions are as follows:

"The tenant agrees to pay as rent for the demised premises, a sum based upon the percentage of cash proceeds of gross sales, repairs and services made or performed in said premises, to-wit: Eight per cent. of the gross sales, repairs, and services.

"On March 10, 1941, and every six months thereafter, the tenant shall furnish to the landlord a statement of the business done in said premises during the preceding six months, said statement to be certified to by a certified public accountant, and shall pay to the landlord eight per cent. of said gross business less any amounts paid by the tenant during the said preceding months to the landlord by way of minimum rent and less any amount paid by the tenant during the preceding six months for taxes against said premises.

"Within 10 days after receipt of said report, the landlord shall have the right to have the books of the tenant audited by its own account (accountant) and in the event that the report of the landlord's accountant shows a substantial discrepancy in the amount to be paid by the tenant, then, in that event, the tenant agrees to pay for the audit made by the landlord's accountant and to pay such discrepancy as found by the landlord's accountant.

"In computing gross business done, there shall be deducted from said amount such taxes as may be levied and paid by the tenant which are taxable against sales, such as the Michigan sales tax."

Defendant-appellant contends that the additional rental should be based on the *cash proceeds* of the gross sales. Eighty per cent. of defendant's business is on charge (credit) sales. Defendant's contention is that he is not required to pay eight per

cent. on the gross business done by him during the term, but is merely called upon to pay eight per cent. of the cash proceeds (*i.e.,* cash sales, payments on credit sales, repairs and services) collected or received by him *during the term.* Defendant would exclude any cash collected by him after the ten-year term ended, on credit sales made during the term but not entirely paid for when the term ended. On the contrary, the plaintiffs (lessors) contend that the lessee is required to pay eight per cent. of the *gross sales,* repairs and services, *i.e.,* eight per cent. of the *gross business* done by the lessee during the term. Plaintiffs admit they are not, under their theory, entitled to eight per cent. of the cash collected by defendant during the term on credit sales made before the term began, but insist that they are entitled to eight per cent. on the accounts receivable that will be outstanding at the end of the ten-year term.

The matter was submitted on bill and answer, without proofs. The circuit judge, without filing an opinion, entered the following decree:

"That the rider attached to the said lease, which rider covers the percentage rental provision, is hereby declared to mean that the eight per cent. rental shall be based on cash sales made on the premises and collections from charge sales which were made on the premises, including collections made after the termination of the lease, on such charge sales. No rent is to be paid by lessee on the collections made on sales in lessee's previous place of business, but such collections are to be included in any accountings to the present lessor, commencing with the total amount outstanding at the beginning of this present lease. After the termination of the lease, accountings by lessee shall continue until lessee shall have paid to lessor eight per cent.

on all collections made on accounts receivable which were outstanding at the termination of the lease.''

The defendant appeals from that part of the decree holding that he must pay eight per cent. on collections made after the term ends, on charge sales made during the term. Plaintiffs cross-appeal from that part of the decree holding that the additional rental is based on *cash sales* made on the premises and *collections* from charge sales. Both parties also claim that the court erred in construing the requirements for rendering a certified accounting.

It seems to be conceded that the lease is partly ambiguous and that those provisions are contradictory which declare that the additional eight per cent. rental shall be ''a sum based upon the percentage of cash proceeds of gross sales, repairs and services made or performed in said premises, to-wit: Eight per cent. of the gross sales, repairs, and services.'' ''Cash proceeds'' of gross sales and the ''gross sales'' themselves do not mean the same thing, especially where 80 per cent. of the gross sales are on credit.

It is fundamental that the intent of the parties should be gleaned from the written instrument if it is reasonably possible to do so. We may be aided by other parts of the writing, and if possible such construction should be given the instrument as to give effect to all its parts and eliminate none. *McIntosh* v. *Groomes,* 227 Mich. 215.

We agree with the trial court that the lease does not require the lessee to pay eight per cent. on any business done before the term began. The lease refers to ''gross sales, repairs and services made or performed *in said premises,*'' and requires an accounting of ''the business done *in said premises* during the preceding six months.'' Defendant oc-

cupied other premises before the term began, and credit sales made by defendant before he occupied the premises under this lease are not to be considered "business done" in these premises merely because defendant collects the instalments on that credit business on the premises during the term. Defendant is not required to pay eight per cent. on such cash collections. It necessarily follows that defendant is not required to furnish to the lessors a statement of the collections made after the term began, on credit sales made before the term began. It should be a simple matter of bookkeeping to segregate such collections, and a certified public accountant preparing the statement may readily exclude those items from the statement. If plaintiffs should consider themselves harmed by such exclusion, they are protected by the right to have defendant's books audited by their own accountant.

A logical adherence to the foregoing construction readily indicates the answer to the question as to what is intended regarding credit sales made during the term, on which a balance remains unpaid at the end of the ten-year term. "Cash proceeds" of gross sales, in its simplest term, merely means "cash" received from "gross sales." As we have already indicated, this does not mean *cash received during the term*. It must be considered to mean cash received *from gross sales made during the term*. This is entirely consistent with other references in the lease to "gross sales, * * * made or performed in said premises," and "business done in said premises." The certified public accountant's statement should indicate the gross sales made during the last six months' period of the term. Unless the lessee elects to pay at that time the eight per cent. of "cash proceeds" on the basis of gross sales shown by the statement, he is required to continue furnishing a statement at the end of each six months there-

after until the cash proceeds from such gross business are fully accounted for. It necessarily follows that the lessee must pay eight per cent. on the cash proceeds of the gross sales made during the last six months of the term.

A decree may be taken in accordance with the decree entered below, except for the requirement that the lessee furnish a statement of cash collected on charge accounts made before the term began. Costs to appellee.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.