CURRAN *v.* MAPLE ISLAND RESORT ASSOCIATION.

1. APPEAL AND ERROR—INJUNCTION—DE NOVO REVIEW.
   A suit to enjoin interference with use of a private roadway servicing lakefront lots, being a chancery case, is considered *de novo* by the Supreme Court.

2. DEEDS — CONSTRUCTION OF DESCRIPTION — QUANTITY — DEFINITE LINES OR MONUMENTS.
   The general rule of construction of a conveyance of land, that where definite lines or definite monuments are given in a conveyance and the quantity mentioned conflicts with these, the lines or monuments must control, is not an inflexible rule of law.

3. SAME—PURPOSE OF RULES OF CONSTRUCTION—INTENT.
   The only purpose of rules of construction of conveyances of rights in land is to enable a court to reach the probable intent of the parties in order that it may be given effect.

4. SAME—CONFLICTING PARTICULARS IN A DESCRIPTION—INTENT.
   In case of conflicting particulars in a description in a conveyance, generally that particular in which there is the least probability of error should control since it is most likely to effectuate the actual intent.

5. SAME—INTENT.
   The intention of the parties, as gathered from the whole instrument being considered, will control; and, in case of a general description followed by a clause summing up the intention of the parties as to the premises conveyed, such clause has a controlling effect upon all prior phrases used in the description.

6. SAME—CONSTRUCTION—INTENT—CONFLICTING DESCRIPTIONS.
   The descriptions in a deed or grant will all be reconciled and given effect, if possible, and effect given to the larger, as well as to the more restricted, description; but where not recon-

cilable, that construction will be adopted which best comports with the manifest intention of the parties and circumstances of the case, bearing in mind the position of the contracting parties and the circumstances under which they acted.

7. SAME—CONSTRUCTION WHERE INARTIFICIALLY DRAWN.

A liberal construction of a deed inartificially and untechnically drawn is given in order to effectuate the intention of the parties thereto.

8. SAME—GENERAL DESCRIPTION—REPUGNANT PARTICULAR DESCRIPTION—CONSTRUCTION.

In construing a deed wherein a general description is followed by a particular description, the latter controls, unless other provisions of the instrument and surrounding facts and circumstances clearly indicate a different intention.

9. SAME—PRIVATE ROADWAY—DESCRIPTION—CONSTRUCTION.

Agreement between plaintiff, owner of lands and lots adjacent to plats of defendant resort association, and defendant association, pertaining to widening and maintenance of private roadway for common use of parties to the agreement which first described roadway as extending from designated public highway to a point on lake shore near a platted island that was followed by a metes and bounds description for only a part of such distance, *held*, under the circumstances, to have given plaintiff and his lessees use of roadway for its entire length with right of access to some of his lands and leased lakefront lots situated more remotely from the public highway than the island.

Appeal from Cass; Warner (Glenn E.), J. Submitted April 7, 1944. (Docket No. 53, Calendar No. 42,682.) Decided May 17, 1944.

Bill by Richard Curran against Maple Island Resort Association, a corporation, to enjoin the barricading and obstructing of a roadway. Decree for defendant. Plaintiff appeals. Reversed.

*Lewis W. James* and *White & White,* for plaintiff.

*Carl D. Mosier,* for defendant.

STARR, J. Plaintiff appeals from a decree dismissing his bill of complaint, which was filed to establish his right to use a certain private roadway in Silver Creek township, Cass county, and to enjoin defendant from obstructing such roadway. We attach a map, not drawn to scale, showing in a general way the location of such roadway and adjacent lake resort properties.

On November 22, 1895, plaintiff's parents, Patrick and Julia Curran, owned certain lands in Silver Creek township, bordering on Magician lake. On that date they conveyed to the persons who later incorporated defendant Resort Association a strip of land one rod wide for roadway purposes, said strip extending from the highway now designated as M–152 to a point on the shore of Magician lake near Maple island (A to C on attached map).

In April, 1898, said Patrick Curran and wife conveyed to W. F. Hoyt, who later conveyed to defendant Resort Association, a parcel of land situate between Magician lake and the above-mentioned roadway, which land was later platted into lots, and is designated on the attached map as Boat House addition. The land on Maple island in Magician lake was also platted by defendant association.

Subsequent to the death of his father in 1922, plaintiff acquired title to the lands on Magician lake previously owned by his father and mother. He began the development of such lands for resort purposes and leased many lots on which cottages were built. At the time of trial more than 30 cottages had been built on lots in an unrecorded plat located east of Maple island, the majority of which were built after 1936. Plaintiff also leased lots in an unrecorded plat located west of the south end of Boat House addition, on which cottages were built. He also leased lots across the roadway from such addition, and in about 1940 a lane or road was

Plat of southeast fractional quarter of section 4. Silver Creek Township.   (Not drawn to scale.)

built on the east side of said lots (D to E on map).

Plaintiff and his lot lessees used the roadway extending from M–152 to point F east of Maple island. It should be noted that plaintiff's lots located east of Maple island were also accessible from M–152 by roadway marked I to J on map.

On August 18, 1938, plaintiff and defendant association entered into the following agreement, the construction of which is involved in this suit:

"Articles of agreement, made and executed August 18, 1938, between Richard J. Curran, a single man, of Silver Creek township, as party of the first part, and Maple Island Resort Association, a corporation, by its officers duly authorized, as party of the second part.

"Whereas there has existed a roadway leading to Maple island from State trunk line M–152, and

"Whereas by deed made November 22, 1895, Patrick Curran and wife, the parents of first party, * *. * did convey to second party a strip of land one rod wide for road purposes, and

"Whereas it is determined by the parties hereto that said roadway should be widened and improved,

"Now therefore it is understood and agreed by and between the parties hereto as follows:

"1: That a roadway be and the same is hereby established leading from State trunk line M–152 to Maple island in Magician lake as follows:

" 'A road 33 feet wide in the southeast fractional quarter of section 4, town 5 south, range 16 west, Silver Creek township, Cass county, Michigan, the center line of which begins in the center of State trunk line M–152 299 feet north and 626.8 feet east of the south quarter post of said section 4; thence north two degrees east 1,355 feet to the plat of Boat House landing.'

"2. It is understood, however, that the said road as above described includes the one-rod road heretofore deeded to second party, and the other one road (rod) of said road belongs to first party.

"3. It is agreed that said roadway may be used for the benefit of the resort lands and premises of the parties hereto, and this agreement shall run with such lands so long as said lands and premises of both parties are used for resort purposes.

"4. It is agreed that the road as above laid out shall be repaired, rebuilt and constructed and that second party shall pay for all necessary labor, and that first party shall furnish all necessary machinery to properly grade said road and cut the bank thereon.

"5. It is further understood and agreed that said roadway shall be maintained in the future by the parties hereto at their equal expense.

"6. Further agreed that first party shall maintain at his own expense, the fences along the boundary lines of said roadway as above described and that second party shall pay all necessary expense for setting over the east fence to conform with the lines of the newly-established roadway."

Subsequent to making the above agreement, the roadway was widened and improved from M–152 to the south end of Boat House addition. Later, plaintiff made some improvements on the one-rod-wide roadway adjoining Boat House addition. Plaintiff, and the cottage owners who had leased unplatted lots from him, continued to use the full length of the roadway (A to F on map) until August 6, 1942, when defendant placed a barricade and "road closed," "no trespassing" signs at about point F. This barricade prevented plaintiff, and cottagers to whom he had leased lots east of Maple island, from entering the roadway at point F.

On August 7, 1942, plaintiff filed bill of complaint seeking to establish his right to use said roadway and permanently to enjoin defendant from barricading or interfering with the use thereof by plaintiff and his lessees. Defendant answered, admitting the barricading of the roadway and denying plaintiff's right to use that part located north of point B, that is, north of the south end of Boat House addition.

In his opinion denying relief and dismissing plaintiff's bill, the trial court said in part:

"The roadway to be established was described in paragraph numbered one in the agreement of August 18, 1938. All the language of that paragraph cannot stand together because of repugnancy. The clause 'to Maple island in Magician lake' is inconsistent with the particular description by metes and bounds. The particular description fixes the width of the roadway as 33 feet, the point of beginning in the center of State trunk line M–152, the courses and distances, and terminus as 'north two degrees east 1,355 feet to the plat of Boat House landing.' (A to B.) When a general description of real estate is given followed by a more particular description, the latter expresses the intent, and controls. *Nichols* v. *New England Furniture Co.,* 100 Mich. 230. To sustain plaintiff's contention would read out of the agreement the more particular description."

Plaintiff appeals from the decree entered in pursuance of such opinion. This being a chancery case, we consider the same *de novo.*

It should first be noted that on this appeal plaintiff asserts no prescriptive rights by user in said roadway and bases his claims on the above-quoted agreement of August 18, 1938. The case, therefore, turns on the construction to be placed upon such agreement. The general description in the first paragraph, "a roadway * * * leading from State trunk line M–152 to Maple island in Magician lake," covers the entire roadway from point A to point C, as shown on the map. The particular description by metes and bounds in the said paragraph covers only that part of the roadway extending from A to B.

The trial court applied the rule that the particular description by metes and bounds controlled over

the general description, and cited as authority the case of *Nichols* v. *New England Furniture Co.,* 100 Mich. 230. Although that case stated the rule, p. 238, that "when a general description of real estate is given, followed by a more particular description, the latter expresses the intent, and controls," nevertheless, it recognized that the intention of the parties was really the controlling factor when it further said, p. 241, "It is clear, we think, that it was the intention of the original proprietors to reserve the title to the canal bed  *  *  *  for their private property." That the real intent of the parties should control was recognized by Mr. Justice COOLEY in the case of *Moran* v. *Lezotte,* 54 Mich. 83, 88, where he said:

"It is, no doubt, generally true that where definite lines or definite monuments are given in a conveyance, and the quantity mentioned conflicts with these, the lines or monuments must control. But there is no inflexible rule of law to this effect; nor indeed would such a rule be consistent with the main purpose for which rules of construction are established. The only purpose of rules of construction is to enable us to reach the probable intent of the parties, in order that we may give it effect; and unless they are somewhat flexible, they would, in many cases, defeat the actual intent, even when upon the face of the instrument it was obvious what the intent was. The errors in deeds are infinite in variety and form; and any one case of mistake may present considerations a little different from any other. The most general rule of all, perhaps, is that in case of conflicting particulars in a description, that particular in respect to which there is the least probability of error should control;  *  *  *  and this is reasonable, because it is most likely to effectuate the actual intent."

"The intention of the parties, as gathered from the whole instrument, will control; and, in case of

a general description followed by a clause summing up the intention of the parties as to the premises conveyed, it has a controlling effect upon all prior phrases used in the description." *Plummer* v. *Gould,* 92 Mich. 1, 6 (31 Am. St. Rep. 567).

In 16 Am. Jur. p. 600, § 287, it is stated:

"The descriptions in a deed or grant will all be reconciled and given effect, if possible; none are to be rejected or disregarded if they can be harmonized and applied in any reasonable manner. Effect must be given to the larger, as well as to the more restricted, description, where such interpretation does no violence to either, but gives full force to both. If there are conflicting descriptions which cannot be reconciled, that construction will be adopted which best comports with the manifest intention of the parties and the circumstances of the case, for the court will keep in mind the position of the contracting parties and the circumstances under which they acted."

The rule that the intention of the parties as determined from a consideration of the entire instrument should control is stated in *Bain* v. *Tye,* 160 Ky. 408, 411 (169 S. W. 843):

"It is an elementary rule in the interpretation of deeds that the intention of the parties should be effectuated, and in doing this a liberal construction is given to deeds inartificially and untechnically drawn. The intent must primarily be gathered from a fair consideration of the entire instrument and the language employed therein, and should be consistent with the terms of the deed, including its scope and subject matter.   *   *   *

"Furthermore, effect and meaning must be given to every part of a deed, each course being considered separately and being governed by the intent deducible from the entire instrument, and separate parts

being viewed in the light of other parts, if the same can be done consistently with the rules of law."

See, also, 72 A. L. R. p. 410; 26 C. J. S. pp. 429, 430, § 128; 13 Cyc. pp. 605, 618, and cases there cited.

We believe that the rule properly applicable in the present case, involving repugnancy between a general and a particular description, might be stated as follows: in case a general description is followed by a more particular description, the latter controls, unless other provisions of the instrument and surrounding facts and circumstances clearly indicate a different intention.

In the preamble of the instrument here in question, the original one-rod-wide roadway is described as "leading to Maple island from State trunk line M–152." (A to C on map.) In such preamble the parties indicated their intention that "said roadway should be widened and improved." It may reasonably be inferred that when they used the words "said roadway," they referred to the original roadway extending from M–152 to a point near Maple island. In the first numbered paragraph of the instrument the parties agreed to establish a roadway "leading from State trunk line M–152 to Maple island in Magician lake." The repugnancy arises when, in the second sentence of said first paragraph, they described by metes and bounds only that part of the roadway extending from M–152 to point B at the south end of Boat House addition. In paragraph 3, they agreed that "said roadway may be used for the benefit of the resort lands and premises" of both parties so long as said lands were used for resort purposes. In paragraph 4, they agreed that the road "as above laid out shall be repaired, rebuilt and constructed" and that defendant would pay for all necessary labor and plaintiff

would furnish the necessary machinery. It was further agreed that the roadway should be "maintained in the future" by the parties at their equal expense.

As the president and secretary of defendant association, who had negotiated and executed the agreement with plaintiff, had died prior to trial, testimony which might have thrown considerable light on the intention of the parties was not admissible.* Defendant argues in effect that it was not contemplated that plaintiff would use the roadway from B to F because other roadways, D to E and K to L, afford ingress and egress to and from the lots which he had leased to cottage owners. However, the record indicates that such branch roadways were not built until some time subsequent to the execution of the agreement between the parties on August 18, 1938.

We believe the trial court construed the repugnant provisions in paragraph 1 without due regard to other terms and provisions of the agreement and the facts and circumstances surrounding the entire transaction. Considering the agreement from its four corners together with the surrounding facts and circumstances, we are convinced that the parties intended that defendant association and plaintiff and his lessees should have the right to use the full length of the roadway from M–152 to a point near Maple island (A to C on attached map) in common "so long as said lands and premises of both parties are used for resort purposes."

We conclude that defendant should be permanently enjoined from barricading said roadway or interfering with the use thereof by plaintiff and his lessees.

---

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—RE-PORTER.

The decree of the trial court is reversed and set aside, and a decree may be entered in this court in accordance with this opinion. Plaintiff shall recover costs of both courts.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.