STATE HIGHWAY COMMISSION *v.* SANDBERG.

1. HIGHWAYS—ACCESS RIGHTS—ABUTTING LAND—PROPERTY RIGHT.
   Right of access to a public highway ordinarily attaches to property abutting it and constitutes a property right.

2. HIGHWAYS — STATUTES — LIMITED ACCESS — ABUTTING LAND — ACCESS RIGHTS.
   Limited access highways are defined by statute as highways specially designed for through traffic over, from, or to which owners or occupants of abutting land have no easement or right to light, air, or access by reason of the abuttal (CL 1948, § 252.51).

3. DEEDS—ESTATE—WORDS OF GRANT—PLAIN MEANING.
   No estate passes by deed which is not embraced plainly within the words of grant.

4. DEEDS — HIGHWAYS — STATE HIGHWAY COMMISSION — ACCESS RIGHT — GRANT — LIMITED ACCESS HIGHWAY.
   A warranty deed to the State highway commission by an abutting property owner was intended to and did convey away the right of access to a public highway where the deed con-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur 2d, Highways, Streets, and Bridges § 178 *et seq.*
Power to directly regulate or prohibit abutter's access to street or highway. 73 ALR2d 652.
[3, 4] 23 Am Jur 2d, Deeds § 34 *et seq.*

tained the words "grant, bargain and sell" followed by a description of the property conveyed, the grantor's initials appeared next to the language stamped on the deed that the property conveyed "may be used for limited access highway purposes", and the deed was recorded (CL 1948, § 252.51).

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and Quinn, and Gilmore, JJ., affirming Ingham, Marvin J. Salmon, J. Submitted December 2, 1969. (Calendar No. 28, Docket No. 52,142.) Decided March 9, 1970.

12 Mich App 475 affirmed.

Complaint by State Highway Commission against Robert Sandberg and others for condemnation of certain lands for highway purposes. Judgment for plaintiff with compensation to defendants. Defendants appealed to Court of Appeals. Affirmed. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis Caruso,* Assistant Attorney General, and *Bruce S. King,* Special Assistant Attorney General, for plaintiff.

*H. James Starr,* for defendant.

DETHMERS, J. This is a condemnation proceeding under PA 1925, No 352, as amended (CL 1948, § 213-.171 *et seq.* [Stat Ann 1958 Rev and Cum Supp § 8-.171 *et seq.*]). On April 7, 1965, the Michigan State highway commission made its determination of necessity for the taking of a triangular piece of land containing 2.7 acres. The taking was total. The subject property is located in Ingham county at the southeast corner of Kipp Road, which runs east and west, and US 127, running north and south at this

juncture. It is at grade with Kipp Road, to which it has access and on which it has frontage of 350 feet, and it runs from the corner for 550 feet south along US 127. Before this taking, US 127 was a major state trunk line running from the Indiana line north to the Straits of Mackinac. The taking of this adjacent triangular piece in 1965 was for the purpose of the physical conversion of this trunk line highway into a limited access highway.

In 1952, before construction of trunk line US 127 at this point, the land on which it later was laid out and now exists was owned by Elmer D. Franklin and Katie I. Franklin, husband and wife. They conveyed, by warranty deed dated May 9, 1952, a strip 200 feet in width to the state highway commission of the State of Michigan, as right of way for the proposed trunk line US 127. This deed was duly and promptly recorded. The typewritten portion of the deed in question, in describing the property conveyed, made no mention of right of access thereto or therefrom to the lands retained by the Franklins which included the 2.7 acres involved in the instant proceedings. Immediately following the typewritten description, however, there was stamped, apparently by rubber stamp, these words:

"First party acknowledges notice that said lands may be used for limited access highway purposes."

The above-stamped portion of the deed was especially initialed by the husband and wife Franklins, who were the grantors. At that time CL 1948, § 252-.51 (Stat Ann 1958 Rev § 9.1094[1]), of which the grantors must be deemed to have had knowledge, provided in part:

"For the purposes of this act, limited access highways are defined as highways specially designed for through traffic, and over, from or to which owners

or occupants of abutting land have no easement or
right of light, air or access by reason of such abut-
tal."

In May of 1953 the highway commissioner and
Elmer D. Franklin, unmarried and as survivor of
Elmer D. Franklin and Katie I. Franklin, husband
and wife, exchanged deeds of even date covering
the land conveyed to the former by the latter in the
May 9, 1952, deed.  These two 1953 deeds expressly
stated that they were given and exchanged to ac-
complish correction of an error in the description
of the May 9, 1952, deed but did not state that the
stamped portion thereof was such error or in error
at all.

Soon after the conveyance from the Franklins to
the highway commission the latter erected a fence
separating the conveyed strip from the remaining
Franklin farm and thus from the 2.7-acre piece which
was part of the farm.

Defendants-appellants became the last successors
in chain of title from the Franklins of the latter's
farm, including the 2.7-acre piece involved in the
matter.

At long last we come to the nub of the controversy
herein.  As so often the case in litigation, it is money.
In considering the amount of the award to be made
to defendants, the landowners, what are the interests
involved that the commissioners were to take into
consideration in determining the value of the 2.7
acres of land?  If its use is limited to agricultural
purposes, its value would be one thing, but perhaps
considerably more if useable for such things as a
gasoline station, motel, restaurant or other type of
business.  For these last mentioned purposes, ac-
cess to and from US 127 would be highly important.
Defendants claim that such right of access attached
to the 2.7-acre piece, belonged to them, and should

be considered by the commissioners in fixing the amount of the award to be paid by the highway commission for the 2.7 acres of land. Plaintiff highway commission, on the other hand, contends that the piece has access only to Kipp Road but none to intersecting US 127.

Since the date of the deed of May 9, 1952, from the Franklins to the highway commission, conveying a strip of land for highway purposes, did the owners of the remaining abutting 2.7-acre piece of land have and retain a right of access attaching thereto for ingress and egress therefrom to US 127? That is the controlling question in this cause. The circuit judge instructed the commissioners that the answer is no. A majority of the members of the Court of Appeals, passing on the question in an appeal there, held to affirm the circuit court. The cause is now here on leave to appeal granted defendants by this Court.

In support of their position defendants cite, for the proposition that it has long been recognized that an owner whose property abuts a highway has an easement of access to the land itself from the highway, the following: *Thom* v. *State Highway Commissioner* (1965), 376 Mich 608; *Horton* v. *Williams* (1894), 99 Mich 423; *Goodfellow Tire Co.* v. *Commissioner of Parks and Boulevards of the City of Detroit* (1910), 163 Mich 249. That such easement is a property right defendants say is supported by *Pearsall* v. *Board of Supervisors of Eaton County* (1889), 74 Mich 558; *Tomazewski* v. *Palmer Bee Co.* (1923), 223 Mich 565; *McMoran* v. *State of Washington* (1959), 55 Wash 2d 37 (345 P2d 598).

Defendants contend that the deeds from Franklins to the highway commission conveyed no right to limit access from the 200-foot strip to the remaining property, and that these deeds are controlling as to

the rights of the parties to the access rights here involved.

Defendants quote from *Zemon* v. *Netzorg* (1929), 247 Mich 563, 565 the following:

"Ordinarily, no estate passes by deed which is not embraced plainly within the words of grant."

and from *Ryan* v. *Wilson* (1861), 9 Mich 262, as follows:

"In the present case, the operative words of the grant are confined to one lot, and the court is asked to extend them to both lots, on the ground that the grantor intended to convey both. To give effect to the intention of the grantor in such a case, the intent should so clearly appear on the face of the deed as not to leave a reasonable doubt in regard to it, and no principle of law should be violated in carrying it out."

Defendants say that the 1952–1953 deeds from Franklin to the highway commission contain no words of grant which embrace the disputed access rights; that, accordingly, they did not pass to the highway commission and, hence, belong to defendants as ultimate successors in title to the Franklins. So they claim right to compensation for the 1965 taking thereof.

That right of access ordinarily attaches to property abutting a public highway and that this constitutes a property right is not disputed by plaintiff and must be accepted as long having been the law in Michigan.

In this case, however, the printed portion of the May 2, 1952, warranty deed from the Franklins to the highway commission, contains the words "grant, bargain and sell" followed immediately by the typewritten description of the property conveyed and then stamped language that the property conveyed

"may be used for limited access highway purposes".
Next to this language the Franklins placed their
initials with presumed knowledge of the above-
quoted provisions of CL 1948, § 252.51 (Stat Ann
1958 Rev § 9.1094[1]), expressly denying to abut-
ting owners the right of access to limited access high-
ways. From this it is clear that conveyance by that
deed was intended to and that it did include the ac-
cess rights here involved. The recording of the deed
served to give defendants notice thereof and the ex-
istence of the mentioned fence erected by plaintiff
between highway US 127 and the 2.7 acres gave fur-
ther reason for inquiry by purchasers of the farm in
that regard. The circuit court instruction to the
commissioners was correct and is affirmed as is the
order of affirmance of the Court of Appeals.

Costs to plaintiff.

T. E. BRENNAN, C. J., and KELLY, BLACK, ADAMS,
and T. G. KAVANAGH, JJ., concurred with DETHMERS,
J.

T. M. KAVANAGH, J., concurred in the result.