### MOORE v. WHITE.

1. EASEMENTS—WAYS OF NECESSITY.

The owner of a forty acre tract which is cut off from the highway by another forty acre parcel which was at one time held by a common grantor, has a way of necessity across the intervening parcel to such highway.

2. SAME.

That the owner of the servient estate offered to sell a right of way across other lands owned by him in no way affects the easement.

3. SAME—STATUTES—PRIVATE ROADS.

Such owner of the easement is not required to resort to the condemnation of a private road under 2 Comp. Laws, § 4142, *et seq.*

4. SAME—LOCATION OF WAY OF NECESSITY.

Where the owner of the servient tenement refused to locate a right of way and the holder of the dominant estate chose a way which was reasonable, the court of equity will protect his rights.

5. SAME—EXTENT OF USER.

One who claims a right of way by necessity over adjoining lands may make the way passable and is required to maintain necessary fences at either end and keep the road in repair.

Appeal from Cass; Des Voignes, J. Submitted October 13, 1909. (Docket No. 69.) Decided December 31, 1909.

Bill by Joel Moore against Nathan White and Ruth White to enjoin a trespass upon lands. From a decree for complainant, defendants appeal. Reversed, and decree entered for defendants.

*Charles E. Sweet*, for complainant.

*M. L. Howell*, for defendants.

MCALVAY, J.   A bill was filed in the circuit court for
Cass county by complainant against defendants to re-
strain them from entering upon and crossing his premises,
and from tearing down fences for that purpose.   It ap-
pears from the bill of complaint and answer that defend-
ants claim a way of necessity over complainant's land.
The facts are that a common  grantor in the chain of title
of the parties entered the lands which are situated on sec-
tion 23, town 6 S., range 16  W.   The description is the
E. ½ of the N. W. ¼ of said·section.   This land was en-

A.  Way claimed by defendants.
B.  Way proposed by complainant.
C.  Old way over which defendants moved in.

tered as one parcel in 1837 by John Collins.   He sold the
N. ½ to James Moore, complainant's ancestor, in 1846, and
the S. ½ to George McCoy, defendant Ruth White's an-
cestor, in 1861.   Both parties to this suit derived title di-
rectly from these grantees.   There is a highway along
the north line, and also one along the east line, of this
section, and one along the E. ½ of the south line.   No
other highways are in or around the section.   Complain-
ant is also the owner of the entire N. E. ¼ of the section.

The accompanying diagram shows the situation.

The land owned and occupied as a home by defendants is entirely surrounded by the lands of others, and it is admitted that they have no way of ingress or egress except over lands owned by others. They claim they have a way by necessity over the N. E. ¼ of the N. W. ¼ of this section, which is owned by complainant. When they moved upon the land they came by consent over the N. ½ of the S. E. ¼, which is now owned by several persons as indicated on the diagram. They moved a small house onto the land, coming in that way from the road along the east side of the section. Their 40 acres and complainant's 40 acres north of it were then, and yet remain, solid timber land, except some clearing on defendants' land, and the part of the S. E. ¼ over which they moved in was cleared, and defendant White, who as a tenant farmed part of the S. E. ¼ of this section for one or two years, went in and out over that land to the north and south road, and during the same time also went in and out through the woods on the north now belonging to complainant. It is not disputed but that the right to continue to go out over the lands toward the east was refused by the owners.

For several years the defendants have continuously crossed complainant's land, a part of the distance along the east line of the complainant's 40 acres directly north of them, and a part of the way over complainant's land next east of it. The record shows that on account of a low and wet place the east line cannot be followed all the way through. Complainant denies that defendants have a way of necessity or any right of way across these premises, and claims that they are trespassers. He was, and still is, willing to sell a right of way along the south line of the N. E. ¼ of the section. They have no claim to such a route, and declined to purchase, but at one time offered $60 for an acre of land along the line they claim, which was refused. Complainant has forbidden defendants from crossing any part of his land. He put up a wire fence which defendants tore open, so as to allow them to go out and in across this land. On petition, the

highway commissioner laid out a highway through the center of the section north and south, which would give defendants an outlet. Complainant appealed to the town board, which reversed the action of the commissioner. Defendants have not sought to lay out a private road under the statute.

The case was heard upon pleadings and proofs, and a decree was granted complainant according to his prayer for relief. Defendants have appealed, and ask this court to reverse the decree, claiming that they have a way of necessity, created by implication, over the land lying north of their land, and which was entered with it as a single entry. That this way of necessity was created when there was a severance of this land-locked tract by the owner from the balance of his entry is also claimed. The record does not show that there has ever been an abandonment or waiver of this right claimed by defendants. Until recently these two parcels of land have been covered with standing timber. The number of years they have lived upon the land we do not discover, but one witness for complainant testified that for the first two years defendants occupied their land they were accustomed to go out over complainant's land while they were also using the way out to the east road. Another of his witnesses testified that there was no established road through there, but he had heard that a right of way was claimed. Complainant's son testified that they had gone that way continuously for four years by permission granted. There appears to have been no occasion for controversy while this wild land was open and unfenced. When, however, fences were built by complainant and torn down, and defendants failed to get a public highway and could not agree with complainant upon some adjustment, and insisted upon the right to cross complainant's land, this controversy readily arose.

The authorities, as far as we have examined them, support the proposition that, under circumstances similar to the one in the case at bar, a way of necessity arises in

favor of the landlocked tract over the adjoining land of the owner. 23 Am. & Eng. Enc. Law (2d Ed.), p. 13, and notes. Such way, being one of strict necessity, is granted by implication, and under like circumstances will be reserved by implication. 14 Cyc. p. 1,172 *et seq.*, and notes and cases cited. A well-considered case in which this doctrine of the creation of ways of necessity by implication and reservation is discussed is *Miller* v. *Hoeschler,* 126 Wis. 263 (105 N. W. 790). It is reported and annotated exhaustively in 8 L. R. A. (N. S.) 327. The circumstances of the case at bar are such as bring it within the rule of strict necessity from which no authority examined dissents.

It was not necessary in this case for defendants to apply under the statute for the condemnation of a private road. If this way of necessity existed, it was a vested right which entitled defendants to this way over the land in question immediately north of their premises, and necessarily over no other land. The fact, therefore, that the complainant offered to sell a right of way over other land is not material. Complainant has absolutely refused to recognize any right whatever in defendants to an easement across this land. This way has never been located. The record shows that in former years plaintiff, in going out over this land, did not always follow the same path or road. This they had a right to do. No way had ever been defined. There were no fences or lines to indicate a located way. *Powers* v. *Harlow,* 53 Mich. 507, at page 513 (19 N. W. 257, 51 Am. Rep. 154).

Under present conditions, when lands are enclosed and premises used for pasture or otherwise, to allow defendants to go over the entire tract wherever they pleased would be inequitable. The right is held to be in the owner of the servient estate to locate such a way of necessity. He has refused to exercise this right and defendants have done so, and such location is not claimed to be an abuse of such right. It will not be necessary to cut a road through this timber or to fence it in. Defendants have a

right to make it passable for the uses necessary to its full enjoyment, and nothing more. They must keep it in repair, and provide such gates at both ends as will prevent animals from straying in and complainant's stock from escaping from the premises. The owner of the fee is not prevented from using such way by passing to and fro over it; but such use must not in any way impair or conflict with the use of the way owner.

It follows that we conclude that defendants have by law a way of necessity over these premises, v 'h which complainant may not interfere, and that the decree of the circuit court must be reversed, the injunction dissolved, and the bill dismissed, and that a decree be entered in this court in favor of defendants according to this opinion. That a way of necessity be declared in defendants along the line located by them, unless complainant, within 90 days after notice, by proper conveyence, grant and convey a perpetual way to defendants, their heirs, representatives, and assigns, 20 feet in width on the south side of the N. E. $\frac{1}{4}$ of said section, extending the full width thereof, giving free egress and ingress to defendants at all times from their land to the highway on the east, and that defendants will be required only to maintain gates at the ends of said road or way, and shall not be required to maintain gates elsewhere along the same, or fences on either side thereof; but such gates and fences, if considered necessary by complainant, his heirs, representatives, or assigns, shall be constructed and maintained by him or them; this condition and proviso being based upon the offer made by counsel for complainant upon the argument of the case. Defendants will recover costs of both courts.

BLAIR, C. J., and GRANT, MOORE, and BROOKE, JJ., concurred.