## HENRY *v.* SINCLAIR.

1. EASEMENTS—RIGHT OF WAY—RESERVATION—CONSTRUCTION.
   A reservation of a perpetual easement or right of way in the driveways upon certain conveyed lots for the joint use and benefit of the property owners of certain adjoining lots, their heirs and assigns, "adjacent to" said

conveyed lots, construed, and *held*, to apply to the drive-
ways along the border of the lots extending across them
from one street to another, but not to apply to the drive-
way west of defendant's house, with consequent inter-
ference with or loss of the use of the porte-cochere
thereon.

2. SAME—INJUNCTION.
    Plaintiff was not entitled to a decree restraining defend-
    ants from such use of said driveways as did not interfere
    with plaintiff's easement therein.

3. NUISANCE— CONTEMPLATED NUISANCE— PREMATURE SUIT—DIS-
    MISSAL WITHOUT PREJUDICE.
    Where a proposed filling station was not yet erected, and
    the state of the proofs was such that it was not ascer-
    tainable therefrom whether such structure, when erected,
    would become a nuisance, the decree of the court below
    properly left such question open to further litigation
    should it be deemed necessary hereafter.

Appeal from Genesee; Black (Edward D.), J.  Sub-
mitted October 11, 1921.  (Docket No. 84.)  Decided
June 5, 1922.

Bill by Fred A. Henry against George M. Sinclair
and another to enjoin the obstruction of certain drive-
ways.  From a decree for plaintiff, defendants appeal.
Modified and affirmed.

*Withey & Freeman*, for plaintiff.

*George W. Cook*, for defendants.

CLARK, J.  Fred A. Henry and wife owned lots 335,
336, 337, 338, 339 and 340, city of Flint, shown on
the appended map, but the record title to the west
39 feet of lot 340 was in the name of Mrs. Henry.
By a separation agreement Mr. Henry agreed to con-
vey to Mrs. Henry lots 338 and 339, reserving to him-
self and his grantees, owners of lots 335, 336 and
337, a perpetual easement, a right of way in certain

driveways, the language of paragraph five thereof being:

"It is mutually understood and agreed that the conveyance of the property mentioned in section one shall be subject to a perpetual easement or right of way in the driveways upon said property, for the joint use and benefit of the property owners of lots 335, 336 and 337 above referred to, their heirs and assigns, ad-

jacent to lots 338, 339 and 340.    And second party, her heirs and assigns, agrees not to obstruct said driveways."

This was followed by a deed to Mrs. Henry of lots 338 and 339 and the west 39 feet of lot 340, from which we quote:

"Subject to a perpetual easement or right of way in the driveways on said premises for the use and benefit of the owners of lots three hundred thirty-five (335), three hundred thirty-six (336), and three hundred thirty-seven (337) of said Stone-McDonald Addition (their heirs and assigns) adjacent to the premises hereby conveyed."

Mrs. Henry then conveyed to defendants lot 338, the west 54 feet of lot 339 and the west 39 feet of lot 340, the deed reciting:

"Subject to a perpetual easement or right of way in the driveways on said premises for the use and benefit of the owners of lots 335, 336 and 337 of said Stone-McDonald addition, their heirs and assigns, adjacent to the premises hereby sold and conveyed."

The shaded portion of the  map indicates the location of the driveways upon the property.    Plaintiff Henry owns lots 336 and 337.    Defendants' dwelling is upon parts of three lots, as indicated, their garage is upon lot 339, and a porte-cochere extends over the driveway just west of their dwelling, and the principal question in the case is whether plaintiff, his grantees or others upon lots 335, 336 and 337 have a right under the agreement and the deeds to use such driveway.    The right of plaintiff and others to use the other driveways extending from Detroit street to Adams avenue across lots 338 and 339 is not questioned.

Preparing to install a gasoline filling station on their property, defendants constructed what appears on the map as "Sinclair New Driveway" both ends of which cross the outer ends of the other driveways

near Detroit street. It is said that defendants have no right to subject the other driveways to such use. Defendants obstructed the driveway west of their dwelling and denied plaintiff's right to use the same. A claim that the installing of a filling station was in violation of building restrictions and that it would constitute a nuisance was not pressed at the trial. The relief sought was that defendants be enjoined from obstructing any of such driveways except the new driveway as against the claimed rights of plaintiff and from using such driveways or any part thereof in connection with such filling station. Plaintiff was decreed the relief prayed. Defendants have appealed and present the following questions:

"(1) That the construction given by the trial court in its decree to paragraph five of the property settlement made between Fred A. Henry and Clara A. Henry (Exhibit A) is erroneous and should not be confirmed by this court.

"(2) That the decree of the trial court should be modified so as to exclude plaintiff from having an easement in the circular driveway extending from the intersection of Helen and Detroit streets under the portico of the Henry residence northerly until it intersects with the driveway extending from Detroit street to Adams avenue.

"(3) That the decree should be modified to permit the use of the driveway contemplated by the defendants so far as such use does not interfere with plaintiff's easement therein.

"(4) That the decree of the lower court should be modified so as to preclude the plaintiff from bringing any action to have defendants' proposed filling station declared a nuisance."

1 and 2. We agree with defendants. The language "adjacent to lots 338, 339 and 340," "adjacent to the premises hereby conveyed," must not be ignored. Adjacent means bordering on, near, or contiguous. It relates to driveways, none of which are within the exact meaning. But given a fair and probable mean-

ing it relates to the driveways along the border of the lots, extending across them from Detroit street to Adams avenue. It is improbable that a right of way in the driveway west of defendants' house, with consequent interference with or loss of the use of the porte-cochere, was intended. And treating the language as ambiguous, as did the trial court, a consideration of all the evidence and of the writings themselves leads to the conclusion that there was no reservation of a right of way under the porte-cochere and in the driveway west of defendants' dwelling.

3. Plaintiff was not entitled to the relief decreed for it was not made to appear that the use to which defendants purposed to subject the westerly end of the driveway would materially impair or unreasonably interfere with its use as a way by plaintiff.

The rule is stated in 19 C. J. p. 978:

"Thus an owner whose land is burdened with a right of way has all the rights and benefits of the soil consistent with the reasonable use of the way, and may use the land over which the way passes in any manner which does not materially impair or unreasonably interfere with its use as a way."

4. The portion of the decree here sought to be modified is:

"It appearing to the court that the erection of the proposed filling station referred to in the pleadings in said cause has not proceeded far enough so that the cost of said structure nor its effect in regard to becoming a nuisance is ascertainable, and no proofs having been offered by either side on those subjects, the question of the effect of the erection and use of said structure (if it is hereafter erected) is not passed upon nor the rights of the parties in regard to those matters in any way considered, so that the plaintiff, his heirs and assigns, are not to be concluded in regard to those matters by this decree, but the right to litigate those questions, should it be deemed necessary hereafter, is left unimpaired."

This is in accord with the holding in *Wolfschlager* v. *Applebaum*, 213 Mich. 180.

The decree so modified is affirmed, with costs of both courts to defendants.

Fellows, C. J., and Wiest, Bird, Sharpe, Moore, and Steere, JJ., concurred.

The late Justice Stone took no part in this decision.