GROTH v. STILLSON

1. APPEAL AND ERROR—FACTUAL FINDING—COURT RULE.
An appellate court cannot set aside a factual finding by a trial court unless that finding is clearly erroneous (GCR 1963, 517.1).

2. APPEAL AND ERROR — CROPS — TREES — SALES — FINDING — COURT RULE.
A trial court finding that defendant-grantees had notice of plaintiff-grantor's sale of trees to third persons before defendants received their deed was not clearly erroneous in view of defendants' failure to prove otherwise, and such finding could not be set aside on appeal (GCR 1963, 517.1).

3. EVIDENCE—JUDICIAL NOTICE—CROPS—TREES—SEVERABILITY.
Judicial notice may be taken of the fact that Chrismas trees require annual care for six to eight years while they are maturing, that each tree results in a single crop, that such crop is the fruit of industry rather than of nature alone, and that therefore such trees are severable from the land by sale.

4. SALES—CROPS—TREES—IDENTIFICATION—SEVERANCE.
A written sales agreement giving third parties the right to harvest and remove mature Christmas trees from plaintiff's land was within that provision of the uniform commercial code relating to a contract for sale apart from the land of growing crops or other things attached to realty when they are capable of severance without material harm and the parties can by identification effect a present sale before severance (MCLA § 400.2107[2]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[3]  29 Am Jur 2d, Evidence § 102.
[4, 6]  21 Am Jur 2d, Crops §§ 3, 4, 11 *et seq.*
Rights as between purchaser of timber and subsequential vendee of land.  18 ALR2d 1150.
[5]  46 Am Jur, Sales § 403.
Construction and effect of UCC Art 2, dealing with sales.  17 ALR3d 1010.

5. SALES—CROPS—TREES—TIMBER—DEFINITION.

    Growing Christmas trees is not within that provision of the uniform commercial code relating to a contract for the sale of timber to be removed from realty because timber means trees, felled or standing, that are suitable for building, and the legislature is presumed to have used words which have been subject to judicial interpretation in the sense in which they have been interpreted (MCLA § 400.2107[1]).

6. SALES—CROPS—TREES—CONSTRUCTIVE SEVERANCE—NOTICE.

    Christmas tree crop was constructively severed from plaintiff-grantor's real estate by a written sales agreement with third parties concluded before a conveyance of that land to defendant-grantees who had notice of that sale; consequently, the Christmas trees did not pass to defendants with the land.

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 December 4, 1969, at Grand Rapids. (Docket No. 6,765.) Decided December 9, 1969.

Complaint by Elwyn G. Groth against Ronald A. Stillson and Diane A. Stillson for a reformation of a real-estate contract. Judgment for plaintiff. Defendants appeal. Affirmed.

*James W. Bussard,* for plaintiff.

*Lieffers & Catchick,* for defendant.

Before: J. H. GILLIS, P. J., and McGREGOR and QUINN, JJ.

QUINN, J. By written agreement dated August 12, 1965, plaintiff sold to third parties all of the Scotch pine, French green variety, and the spruce trees situated on land owned by plaintiff. The agreement granted third parties the right of entry to spray, prune, care for, harvest and remove the trees until all saleable trees reached their proper

growth and were harvested. The agreement gave plaintiff the right to sell any property on which no such trees were growing, and the latter, after the trees were harvested. August 30, 1966, plaintiff conveyed all of the land to defendants by warranty deed with no reservations or exceptions.

When defendants claimed they had no notice of the sale of trees to third parties, plaintiff instituted this action for reformation of the deed to defendants to include a reservation of the trees. The trial court found defendants had notice of the sale of the trees to third parties prior to their deed, and defendants have failed to demonstrate that this finding is clearly erroneous. We cannot set aside this finding. GCR 1963, 517.1.

From grant of reformation below, defendants appeal.

By the agreement of August 12, 1965, plaintiff sold Christmas trees off her land. The trial court took judicial notice of the fact that Christmas trees require annual care for six to eight years while they mature and that each tree results in a single crop. He held that such a crop is the fruit of industry, rather than of nature alone, and is severable from the land by sale.

It is apparent from the language employed in the agreement of August 12, 1965, that plaintiff and the third parties considered these trees as a crop. Third parties had a right of entry to spray, prune, care for, as well as to harvest and remove, and such right continued until all saleable trees matured and were harvested. Any land from which the trees were removed was alienable by plaintiff.

The foregoing holding of the trial court and the intention of the parties to the sale of trees agreement as evidenced by the language thereof comport with the statutory definition of sale of certain things

in or attached to realty which is deemed the sale of goods. MCLA § 400.2107 (Stat Ann 1964 Rev § 19.2107) reads in part:

"(1) A contract for the sale of timber, minerals or the like or a structure or its materials to be removed from realty is a contract for the sale of goods within this article if they are to be severed by the seller but until severance a purported present sale thereof which is not effective as a transfer of an interest in land is effective only as a contract to sell.

(2) A contract for sale apart from the land of growing crops or other things attached to realty and capable of severance without material harm thereto but not described in subsection (1) is a contract for the sale of goods within this article whether the subject matter is to be severed by the buyer or by the seller even though it forms part of the realty at the time of contracting, and the parties can by identification effect a present sale before severance."

Timber means trees, felled or standing, that are suitable to be used for building. *Feneley* v. *Kimmel* (1947), 318 Mich 632. The legislature is presumed to have used words which have been subject to judicial interpretation in the sense in which they have been interpreted. *In re Chamberlain's Estate* (1941), 298 Mich 278. Section 2107(1), *supra,* does not cover Christmas trees; section 2107(2), *supra,* does cover them. See also MCLA § 440.2105 (Stat Ann 1964 Rev § 19.2105).

The Christmas tree crop was constructively severed from the real estate by the agreement of August 12, 1965.. *Blough* v. *Steffens* (1957), 349 Mich 365. Defendants had notice of the sale of trees prior to their deed and the personalty (trees) did not pass with the land. *Blough, supra.*

This analysis obviates discussion of the authorities relied on by defendants, as those authorities deal with "timber" in the sense of *Feneley, supra.*

The analysis makes unnecessary any reference to the parol evidence rule issue raised by defendants.

It is also apparent from such analysis that plaintiff sought and the trial court granted unnecessary relief. However, it would serve no purpose not to affirm the trial court. We find no reason to discuss the mistake issue raised by defendants. Affirmed with costs to plaintiff.

All concurred.