MICHAELS *v.* CHAMBERLAIN

1. DEEDS—PRELIMINARY AGREEMENT—MERGER.

The doctrine of merger operates relative to all matters in the preliminary sales agreement relating to the title of land.

2. DEEDS—PURPOSE.

The purpose of a deed is to convey title to land, not to describe the terms of a preceding contract under which the land was sold.

3. DEEDS—CONTRACT OF SALE—MERGER.

Quitclaim deeds did not, as a matter of law, extinguish the buyers' duty, as provided in the contract of sale, to give notice before removing structures on the conveyed land where the contract of sale called for a warranty deed, the seller alleged that quitclaim deeds were used without reference to his right to remove the existing structures in order to enable the buyers to obtain a mortgage, the buyers alleged that the removal provision of the contract of sale had been expressly waived by the seller at the time of the closing, and where the quitclaim deeds contain the statement that the consideration was "one dollar and other valuable consideration," possibly meaning that the giving of notice before removal of structures was part of the consideration.

4. DEEDS—CONSTRUCTION.

A deed must, as a general rule, be construed according to its terms; however, if there is an ambiguity or if the deed fails to express the obvious intention of the parties, an inquiry should be directed to the parties' intent.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Deeds § 161.
[2] 23 Am Jur 2d, Deeds § 1 *et seq.*
[3] 23 Am Jur 2d, Deeds §§ 191, 291–293.
[4] 23 Am Jur 2d, Deeds §§ 159–174.
[5] 23 Am Jur 2d, Deeds §§ 191–193, 197.

5. JUDGMENT—SUMMARY JUDGMENT—QUESTION OF FACT—PARTIES'
INTENT—DEEDS—MERGER.

   A summary judgment was improperly granted where the allega-
   tions raised an issue of fact as to the parties' intent in using
   quitclaim deeds, instead of warranty deeds, as specified in the
   preliminary sales agreement.

Appeal from Oakland, Philip Pratt, J.   Sub-
mitted Division 2 March 5, 1970, at Lansing.
(Docket No. 7,353.)   Decided August 27, 1970.

Complaint by Michael M. Michaels against
Chamberlain Real Estate Company and Calvin M.
Chamberlain for breach of contract.   Summary
judgment for defendant.   Plaintiff appeals.   Re-
versed.

*William S. Evans,* for plaintiff.

*James G. Hartrick,* for defendants.

Before: J. H. GILLIS, P. J., and DANHOF and
O'HARA,* JJ.

PER CURIAM.   This is an appeal from an order
granting defendants' motion for summary judg-
ment.

In 1963, defendant, Chamberlain Real Estate Co.,
and plaintiff entered into a preliminary sale agree-
ment pursuant to which plaintiff was to convey his
real property located in Birmingham, Michigan, by
warranty deed for a stated consideration of $66,900.
One of the conditions set forth in the preliminary
sale agreement read as follows:

_____
* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

"It is further agreed that Sellers may remove existing structures within ninety days of the receipt of written notice by the Purchasers to so do."

Later that year plaintiff conveyed the property by quitclaim deeds in which no reference was made to plaintiff's right to remove existing structures. These deeds were executed in the usual manner and recited the consideration as "One dollar and other valuable consideration".

The structures, three old houses, remained on the premises until 1966, when, without notice to plaintiff, defendants had them demolished.

Plaintiff's complaint, which alleged breach of contract, was not answered. Rather, defendants moved for summary judgment arguing that plaintiff had failed to state a cause of action upon which relief could be granted.

The doctrine of law upon which defendant relied was based on the theory that the preliminary sale agreement was merged into the deeds of conveyance. Since this is an appeal from a summary judgment, the precise issue before us is whether, *as a matter of law,* defendants' duty to give notice to plaintiff pursuant to the contract of sale was extinguished by the later quitclaim deeds. We hold that whether the doctrine of merger operated to extinguish the vendees' obligations under the contract of sale was a question of fact in this case and could not be disposed of summarily.

Where applicable, the doctrine of merger operates relative to all matters in the preliminary agreement relating *to the title of land. Goodspeed* v. *Nichols* (1925), 231 Mich 308. This is not due to any peculiar sanctity of the deed; rather, the deed is regarded as the final repository of the agreement which led to its execution. As stated in *Goodspeed, supra,* 316: "The purpose of a deed is to convey

title to land, not to describe the terms of a preceding contract under which the land was sold."

In this case, we are not satisfied that the quitclaim deeds represent the final repository of the parties' agreement. The contract of sale called for warranty deeds as instruments of conveyance, not quitclaim deeds. The plaintiff, in his pleadings, alleged that the reason quitclaim deeds were used without reference to his right to remove existing structures was to enable defendant to obtain a mortgage loan on the property. Defendants, in their pleadings, alleged that the provision in the contract of sale allowing plaintiff to remove existing structures was expressly waived by plaintiff at the time of closing. These allegations raise genuine issues of fact and could properly resolve the ambiguity in the recital of consideration found in the quitclaim deeds of "One dollar and other valuable consideration". It may be that part of the consideration was to give the notice required by the preliminary sale agreement.

It is a general rule that a deed must be construed according to its terms. *Kirby* v. *Meyering Land Co.* (1932), 260 Mich 156. But if there is an ambiguity or if the deed fails to express the obvious intention of the parties, an inquiry should be directed to that intent. *Taylor* v. *Taylor* (1945), 310 Mich 541; *Negaunee Iron Co.* v. *Iron Cliffs Co.* (1903), 134 Mich 264.

In light of the allegations of fact involved relating to the intent of the parties in their use of quitclaim deeds, we cannot, as a matter of law, state that the preliminary agreement was merged into the deeds.

Reversed. Costs to plaintiff.