FRY v KAISER

1. DEDICATION—PLATS—INTEREST IN DEED—INTEREST IN PLAT—RE-
   CORDING.

   A purchaser of platted land receives not only the interest de-
   scribed in his deed, but also whatever rights are dedicated in
   the plat of the land, where the plat is recorded.

2. DEEDS—CONSTRUCTION—AMBIGUITIES.

   A deed must be construed according to its terms where it con-
   tains no ambiguities.

3. JUDGMENT—RES JUDICATA—PRIOR ACTION—MERITS—SAME MATTER
   —SAME PARTIES.

   The doctrine of res judicata only applies to bar a subsequent
   action if the prior action was rendered on the merits, on the
   same matter in issue and between the same parties or their
   privies.

4. EASEMENTS—EXPRESS EASEMENTS—PLATS—DEDICATION—DEED—
   WATERWAYS.

   Grantees were granted an express easement over a waterway

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 20 Am Jur 2d, Covenants, Conditions, and Restrictions §§ 179,
   311.

   23 Am Jur 2d, Deeds §§ 232–235.

   Description of land in deed or mortgage by reference to map, plat,
   plan, sketch, or diagram as prevailing over description by words.
   130 ALR 643.

[2] 23 Am Jur 2d, Deeds § 159.

[3] 46 Am Jur 2d, Judgments § 394 *et seq.*

[4] 25 Am Jur 2d, Easements and Licenses § 26.

   Conveyance of lot with reference to map or plat as giving purchaser
   rights in indicated streets, alleys, or areas not abutting his lot. 7
   ALR2d 607.

[5] 25 Am Jur 2d, Easements and Licenses § 85.

   78 Am Jur 2d, Waters § 229 *et seq.*

   Right of owner of easement of way to make improvements or
   repairs thereon. 112 ALR 1303.

[6] 71 Am Jur 2d, State and Local Taxation § 202.

[7] 5 Am Jur 2d, Appeal and Error §§ 762, 764.

where the dedication in the recorded plat stated the waterway was dedicated to their use and their deeds stated that their lots extended only to the water's edge.

5. EASEMENTS—MAINTENANCE AND REPAIRS—WATER EASEMENTS—
    SERVIENT ESTATES—DOMINANT ESTATES—DUTY TO MAINTAIN.

    An individual who has an easement over another's property is required to maintain and repair it, and the dominant owners of a water easement which does not benefit the servient estate not only have the right to maintain it but the duty to do so in the absence of special circumstances or a contract providing otherwise.

6. TAXATION—REAL ESTATE TAXES—EASEMENTS—WATER EASEMENTS—
    LEGAL OWNERS.

    The legal owner of a waterway over which there exists an easement must bear the property tax obligation.

7. APPEAL AND ERROR—COURT ORDER—LACHES.

    Under the doctrine of laches a party was precluded from bringing an appeal from an order of the circuit court 14 years after it was issued.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 January 7, 1975, at Detroit. (Docket No. 19342.) Decided April 24, 1975. Leave to appeal denied, 394 Mich 830.

Complaint by Colby B. Fry against Julius F. Kaiser and others seeking to quiet title. Judgment for defendants. Plaintiff appeals. Affirmed in part and reversed in part.

*John H. Yoe (Ulysses S. Bratton, Jr.,* and *Lewis Brooke,* of counsel), for plaintiff.

*Ray W. McPeters,* for defendants.

Before: QUINN, P. J., and BASHARA and R. M. MAHER, JJ.

BASHARA, J. This is an appeal from a summary judgment granted to defendants in an action

brought by plaintiff for a determination of who owns a channel and an abutting five-foot strip of land. The case is unusual because each party contends the other owns the property.

A description of the property and a chronology of events are necessary for the disposition of this action.

Plaintiff, one of the original developers and successor in interest, constructed a subdivision known as Point Rosa Subdivision and Point Rosa Subdivisions one–five in Harrison Township. This appeal only involves Point Rosa No. 1. Defendants are homeowners in the subdivision, various mortgage holders, the Township of Harrison and homeowners in Fresh Air Park Subdivision. The trial court entered a final judgment on December 26, 1973 finding that plaintiff owned the channel and the five feet.

In 1950 plaintiff had the property platted and subdivided into six subdivisions. With the exception of one subdivision, they are surrounded by canals which lead into Lake St. Clair. Plaintiff has sold all the lots with homes constructed thereon, except one which he retained as his residence. Point Rosa Subdivision one is bordered on the east by channel number two and on the west by channel number one. Channel number one is designated on the plat as 39 feet in width, whereas testimony revealed it is 34 feet wide with 5 feet remaining in its natural state furnishing lateral support to Elm Road. Elm Road runs in a north-south direction the entire length of channel number one. West of it is another subdivision known as Fresh Air Park Subdivision. The five feet in dispute are on the opposite side of channel number one from the location of Point Rosa Subdivision number one and east of Elm Road.

Plaintiff argues that the dedicatory provisions on the recorded plat of Point Rosa when taken in conjunction with the warranty deeds given to grantors show that he conveyed title to the channel and the five-foot strip of land to defendant Point Rosa number one lot owners.

We reject plaintiff's contention. The recorded plat contained the following language: "[A]ll lots extended to the waters edge but not beyond the boundaries of the plat." Also provided in the plat was the following language:

"[T]he streets as shown on said plat are hereby dedicated to the public and that the channels as shown on the said plat are hereby *dedicated to the use of the lot owners."* (Emphasis supplied.)

Where a plat is recorded the purchasers receive not only the interest as described in their deed, but also whatever rights as are indicated in the plat. See *Kirchen v Remenga,* 291 Mich 94; 288 NW 344 (1939). If a deed contains no ambiguities, then as a general rule it must be construed according to its terms. *Michaels v Chamberlain,* 26 Mich App 317; 182 NW2d 360 (1970).

The language contained in the plat makes it abundantly clear that the plaintiff conveyed to defendants only to the waters edge. He retained legal title to the land beneath channel number one and the five feet abutting it.

Further, even if we were to assume the plaintiff's conveyances were ambiguous as to who owns the channel, his acts can leave no doubt. The evidence disclosed that in 1964 defendant attempted to sell the land in dispute to the individual owners of Fresh Air Park Subdivision. Defendant also, as so ordered in prior litigation, installed

a sea wall along the entire length of the western edge of the first channel at his own expense.

Our holding plaintiff owns the land lying beneath channel number one and the five feet abutting it does not necessitate the conclusion that he must maintain or repair the western sea wall. The defendant homeowners concede in their appellate brief they have the responsibility to maintain the sea walls in front of their property. They also admit that they collectively are obligated to pay for the dredging of the canals.

The trial judge held that plaintiff was required to maintain the western sea wall. His determination was based upon a prior litigation captioned *Pointe Rosa Sportsmen's Club et al v Stanley E Fry,* Macomb County Circuit Court file No. 27-482 (1961). It appears the trial court held that res judicata barred plaintiff from denying his obligation.

The doctrine of res judicata only applies to bar a subsequent action if the prior action was rendered on the merits, on the same matter in issue and between the same parties or their privies. *Zak v Gray,* 324 Mich 522; 37 NW2d 550 (1949), *Hewett Grocery Co v Biddle Purchasing Co,* 289 Mich 225; 286 NW 221 (1939), *Mazzola v Vineyard Homes Inc,* 54 Mich App 608; 221 NW2d 406 (1974).

We are unable to determine from the record before us whether or not the prior litigation was between the same parties or their privies and whether the issues there were the same as in this case. Our inability to make this determination does not require that this case be remanded. Whether we examine this problem from a res judicata analysis or for independent analysis we come to the same conclusion. That is, defendant Point Rosa number one lot owners must maintain

the western sea wall. If we are to assume as the trial judge concluded that res judicata does apply, we hold the trial judge erred in his interpretation of the opinion written in the previous case. The pertinent part of that opinion reads:

"IT IS FURTHER ORDERED, ADJUDGED and DE-CREED that the Defendant pay or cause to be paid to the Plaintiffs herein, their pro-rated share for the dredging, maintenance, and upkeep of said canals and channels to and from the waters of Lake St. Clair, until such time as the Defendant disposes of their interest in the said Subdivisions, provided at which time the successors in interest of said Defendants, will have assumed said liability to pay their pro-rated share for dredging and upkeep of said canals."

The opinion further ordered defendants, the predecessors in interest to the present plaintiff, to construct the sea wall at issue and that the home-owners had an easement to use the channel. The language "until such time as the defendant disposes of their interest" is subject to various interpretations. It could mean until plaintiff (who was a defendant in the prior litigation) sells all the lots in the subdivision or it could mean until plaintiff disposes of his interest in the lots, canals and the land abutting them. If the latter interpretation was adopted, plaintiff would be obligated to pay his pro-rata share in perpetuity for a five-foot strip of land which is useless to him. We cannot accept this interpretation. We hold that plaintiff was only obligated to maintain the channels in the subdivision including the western sea wall until he sold all the lots.

If we were to assume the prior opinion was not res judicata, we must decide who bears the responsibility.

As noted earlier, the dedication portion of the plat stated "the channels shown on the said plat are hereby dedicated to the use of the lot owner". When taken in conjunction with language stating that defendant's lots extend to the "water's edge" that clearly indicates defendants were granted an express easement. *Stansell v American Radiator Co,* 163 Mich 528; 128 NW 789 (1910), *Henry v Sinclair,* 218 Mich 296; 189 NW 6 (1922).

An individual who has an easement over another's property is required to maintain and repair it. *Moore v White,* 159 Mich 460; 124 NW 62 (1909). Our research discloses no Michigan cases which consider who must maintain a water easement. However, other jurisdictions have been confronted with this problem. The rule generally accepted in the absence of special circumstances or a contract providing otherwise, is that the dominant owners of a water easement which does not benefit the servient estate not only have the right to maintain and repair the easement but have a duty to do so. See *Durfee v Garvey,* 78 Cal 546; 21 P 302 (1889), *Hogan v Cowart,* 182 Ga 145; 184 SE 884 (1936), *Bowman v Bradley,* 127 Or 45; 270 P 919 (1928). It has also been held that where the servient estate receives no benefit from the water easement, he is under no duty to maintain or repair it. *Moffett v Berlin Water Co,* 81 NH 79; 121 A 22 (1923), *Joslin v Sones,* 80 Iowa 534; 45 NW 917 (1890).

In the instant case plaintiff, the servient tenant, receives no benefit from the easement granted to defendants. Defendants, dominant lot owners, have an easement right of way to use the channels for navigational purposes. They must maintain channel number one and the sea walls abutting it.

Using either analysis, we determine that defendant lot owners must maintain both eastern and western sea walls of channel number one.

We would further note that Harrison Township was joined by plaintiff for the sole purpose of determining who should pay taxes on channel number one and the abutting western five feet. Our holding that plaintiff is legal owner of the channel mandates a conclusion that he bear the property tax obligation.

Further, we note plaintiff is not entitled to reimbursement for installing the sea wall on the west side of channel number one. He was specifically ordered to install the wall in *Pointe Rosa Sportsmen's Club v Fry, supra.* He cannot appeal a court order 14 years later.

Reversed in part and affirmed in part. No costs since neither party has prevailed in full.