## NEUMEIER v DONOVAN

Docket No. 63917. Submitted May 18, 1983, at Marquette.—Decided August 2, 1983.

Edward and Bernadette Donovan sold some property to Robert D. and Nancy A. Linn and reserved the right to cut and remove merchantable timber for five years. The Linns sold the property to Thomas C. and Shirley A. Neumeier on a land contract which made reference to the reservation of the right to cut merchantable timber. The Neumeiers brought an action against the Donovans and Lee Thoney for damages and an injunction preventing them from clean-cutting the land. Thomas Neumeier had walked the land prior to the purchase and had observed that parts of it had been clean-cut. Testimony at trial indicated that both parties to the original deed intended to permit defendant to cut whatever he thought he could make a profit on and that the harvesting was in substantial compliance with industry practice in the area. The Menominee Circuit Court, Russell W. Bradley, J., granted judgment for defendants. Plaintiffs appealed. *Held:*

The ultimate goal of any court called upon to construe a deed is to reach the probable intent of the parties to the deed in order that the court may give it effect. If such an intent cannot be determined from the language of the deed, a court must consider the situation, acts, conduct, and dealings of the parties to the instrument as well as the subject matter. The lower court's ruling was not improper.

Affirmed.

1. APPEAL — EQUITY — *DE NOVO* REVIEW.

The Court of Appeals reviews the record *de novo* in equity cases, giving due deference to the findings of the trial court, which must be sustained unless the Court of Appeals is convinced that, had it heard the evidence in the first instance, it would have been compelled to rule to the contrary.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 822, 882.
[2] 23 Am Jur 2d, Deeds §§ 221-225, 229.

2. DEEDS — JUDICIAL CONSTRUCTION.

> The ultimate goal of any court called upon to construe a deed is to reach the probable intent of the parties to the deed in order that the court may give it effect; if such an intent cannot be determined from the language of the deed, a court must consider the situation, acts, conduct, and dealings of the parties to the instrument as well as the subject matter.

*Charles M. Minerman,* for plaintiffs.

*Hansley, Neiman, Peterson, Beauchamp, Stupak & Bergman, P.C.* (by *Robert W. Hansley*), for defendants.

Before: CYNAR, P.J., and J. H. GILLIS and WAHLS, JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order dissolving an injunction previously issued to restrain defendants from logging upon plaintiffs' land.

Defendants Donovan deeded land to Robert D. Linn and Nancy A. Linn. The deed contained a reservation clause which read as follows:

"Reserving the right to cut and remove all merchantable timber for a period of five (5) years from the date of this deed.

"This right reserved in Sellers."

At trial, defendant Edward Donovan testified that he and Robert D. Linn understood at the time of the deed that the term "merchantable timber" included any wood product from which defendants Donovan could realize a profit. Robert Linn testified that his understanding and intention with regard to the reservation clause was that defendant Edward Donovan "could cut whatever he felt that he could make a profit on".

Robert D. Linn sold the subject property to the plaintiffs by land contract, which made specific reference to the reservation of right to cut merchantable timber for the five-year period.

Prior to the purchase of the property by the plaintiffs, harvesting of wood upon the property had taken place. Plaintiff Thomas Neumeier indicated that prior to his purchase he had walked the property and observed the land being "clean-cut". Plaintiff Thomas Neumeier had no conversation with Robert D. Linn concerning the reservation referred to in the land contract.

Plaintiffs filed suit seeking an injunction to prevent further cutting, alleging that the reservation in the deed did not permit "clean-cutting", but only cutting timber which could be made into lumber.

The issue at trial as well as on appeal is the meaning to be ascribed to the term "merchantable timber".

For the view that merchantable timber is defined as trees suitable for building materials, plaintiffs cite the case of *Feneley v Kimmell,* 318 Mich 632; 29 NW2d 289 (1947). However, that case deals with the issue of whether an agreement for timber rights applies to cut as well as uncut timber.

Further reliance on *Groth v Stillson,* 20 Mich App 704; 174 NW2d 596 (1969), is not helpful to the plaintiffs. In *Groth,* plaintiff sold on August 12, 1965, to third parties, all Christmas trees on land owned by the plaintiff. On August 30, 1965, plaintiff conveyed the land by warranty deed to defendants without reservation or exception. The Court held that the Christmas crop was constructively severed from the real estate by the August 12, 1965, agreement. Defendants had notice of the sale

of trees prior to their deed and the personalty (Christmas trees) did not pass with the land.

The trial court herein looked to *Balderson v Seeley,* 160 Mich 186; 125 NW 37 (1910), to determine what effect must be given to a conveyance of "timber". Testimony as to the parties' understanding and intent had been taken and considered by the Supreme Court in holding that the meaning of "timber" was limited to logs of sufficient size to be suitable for building material. The case also found this limitation and distinction to have been in the minds of the parties to the contract.

In equity cases, this Court's review of the record is *de novo* with due deference given to the findings of the trial court. This Court will sustain those findings unless its ruling would have been contrary to that of the trial court. *Marconeri v Village of Mancelona,* 124 Mich App 286; 335 NW2d 21 (1983); *Cascade Twp v Cascade Resource Recovery, Inc,* 118 Mich 580, 584; 325 NW2d 500 (1982).

The ultimate goal of any court called upon to construe a deed is to reach the probable intent of the parties to the deed in order that the court may give it effect. *Purlo Corp v 3925 Woodward Ave, Inc,* 341 Mich 483, 488; 67 NW2d 684 (1954); *Bassett v Budlong,* 77 Mich 338, 346; 43 NW 984 (1889); see, also, *Fry v Kaiser,* 60 Mich App 574, 577; 232 NW2d 673 (1975), lv den 394 Mich 830 (1975); *Michaels v Chamberlain,* 26 Mich App 317, 320; 182 NW2d 360 (1970). If such an intent cannot be determined from the language of the deed, a court must consider the situation, acts, conduct, and dealings of the parties to the instrument as well as the subject matter. *Farabaugh v Rhode,* 305 Mich 234, 240; 9 NW2d 562 (1943), citing *Negaunee Iron Co v Iron Cliffs Co,* 134 Mich 264, 279-281; 96 NW 468 (1903).

In this matter, both parties to the original deed testified that at the time the deed was executed they intended to permit defendant to cut from the property whatever he felt he could make a profit on. There were no exceptions upon what defendant Edward Donovan could sever and remove from the property. Also, the Linns, plaintiffs' predecessors, testified that neither party was aware of any legal definition of the term "merchantable timber" in Michigan. The record supports a finding that plaintiffs were aware of the cutting arrangement between defendants Donovan and the Linns when they purchased the property, or at least were placed on notice. It is also noted, defendants' experts established that defendants were harvesting the property in substantial compliance with the practices used by all other loggers in the area.

The trial court did not err in dissolving its previous injunction.

Affirmed.