STATE OF MICHIGAN
COURT OF APPEALS

*In re* Estate of HORNAK.

JAMES P. BOARDMAN, Personal Representative
of the Estate of VIVIAN G. HORNAK, F. RON
HORNAK, KIRK AMMAN, Former Personal
Representative of the Estate of VIVIAN G.
HORNAK, KEITH AMMAN, CRAIG HUFF,
AARON TITHOF, BRYAN TITHOF, and AMY
WAUBEN,

        Appellees,

v

KENNETH J. HORNAK,

        Appellant.

UNPUBLISHED
April 23, 2015

No. 319955
Saginaw Probate Court
LC No. 10-125981-DE

Before: OWENS, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Appellant Kenneth Hornak appeals as of right the decision of the probate court that (1) overruled all of appellant Kenneth Hornak's objections to appellee Kirk Amman's and appellee F. Ron Hornak's petitions to allow accounts and payment of attorney fees, and (2) affirmed its prior order allowing those accounts and attorney fees. The court also allowed appellee James Boardman's final account and closed the estate. Appellant and appellee F. Ron Hornak are brothers and the sons of the decedent, Vivian Hornak. We affirm.

I. FACTUAL BACKGROUND

In addition to her sons, appellant and appellee F. Ron Hornak, the decedent was survived by grandchildren from two daughters that predeceased her. One of these grandchildren is appellee Amman. The decedent left a will that was admitted to probate which included a specific devise of an 80-acre parcel of land and accompanying fixtures to appellee Amman. The remainder of her property was to be distributed "one share for each child of mine who survives me and one share for the decedents, per stirpes of each child of mine who fails to survive me." Appellant thereafter produced four unrecorded deeds, two from 2010 that deeded all of the

-1-

decedent's property solely to him, and two from 2004 that deeded all of the decedent's property to her and appellant jointly with "right of sole survivorship." Those deeds were eventually set aside by the probate court, which determined that appellant was judicially estopped from asserting their validity because he had failed to disclose the deeds in bankruptcy schedules when he filed for Chapter 13 bankruptcy. We affirmed the probate court's decision to set aside the deeds in *In re Estate of Hornak*, unpublished opinion per curiam of the Court of Appeals, issued July 5, 2012 (Docket No. 301912).

Following this Court's decision, an LLC was formed that was owned by all the heirs accounted for in the decedent's will with the exception of appellant, for the purpose of transferring most of the real property to the LLC. As of May 21, 2013, all of the decedent's property had been transferred to the LLC with the exception of a 70-acre parcel that had yet to be resolved. On September 4, 2013, the probate court entered an order approving a settlement agreement signed by all the heirs to the decedent's will that provided as follows:

> All real estate remaining in the ESTATE OF VIVIAN G. HORNAK, DECEASED, namely a 70.58 acre parcel on Ditch Road, Chesaning, Michigan shall be deeded by the personal representative to HORNAK FARMS, LLC. HORNAK FARMS, LLC shall then deed 50 acres of the parcel as identified by KENNETH HORNAK to him, free of any security interest for attorney fees and expenses, as soon as a land division application has been approved by Chesaning Township.

As further part of the settlement, appellant agreed to waive any and all claims against the estate or remaining heirs, and they agreed to waive any and all claims against him. Appellee Boardman submitted a quitclaim deed, deeding the 70.58 acres to the LLC on October 22, 2013.

Prior to settlement, appellee Amman had filed a petition to allow accounts for the time he had spent as personal representative of the estate. Appellant objected. Appellee F. Ron Hornak then filed a petition to allow payment of his attorney fees. Appellee Boardman filed a response, asking the probate court to take the petition under advisement until all expenses, costs, and fees allowable to be paid by the estate had been determined. Thereafter, appellant submitted a response to appellee F. Ron Hornak's petition, asking that it be denied. A hearing on appellee F. Ron Hornak's petition was held on November 12, 2013. The court decided to take the matter under advisement because appellee Boardman could not be present and because the court wanted more information on the total amount of expenses and claims.

Appellee Boardman filed a petition to allow accounts on December 4, 2013, asking for allowance of his final account, for his attorney and fiduciary fees, and for the estate to be closed. The probate court entered an order on December 9, 2013, allowing the account of appellee Amman and the attorney fees of appellee F. Ron Hornak. Subsequently, appellant filed an objection to appellee Boardman's petition for an accounting and closing of the estate, arguing in part that the estate should not be closed until he received a check for crops that had been harvested on 50 acres of the estate that was to be deeded to him as part of the settlement. Appellant then filed an amendment to his previous objection to the petition of appellee Amman, asking for an evidentiary hearing. At the hearing held on the matter, the probate court reiterated

that it had already held an evidentiary hearing on this matter. The court denied and dismissed appellant's amended objection.

A hearing was thereafter held on appellee Boardman's petition. Appellee Boardman explained that the harvested crops appellant wanted money from were part of a sharecrop agreement with a farmer named Schneider. Appellant neither disputed this at the hearing nor does he dispute it in his briefs filed with this Court in the present appeal. Appellee Boardman stated that all that remains is for the LLC to deed the 50 acres to appellant. Appellee F. Ron Hornak's attorney stated that the LLC was prepared to deed the 50 acres as soon as appellant submitted a division of 50 acres that would be approved by the township. Appellee F. Ron Hornak's attorney stated that the one division appellant had already requested would have left the LLC a landlocked parcel and that the township "basically laughed at it."

The probate court found that the agreement did not have any separate provision regarding the disputed harvested crops. The court also found that because the property belonged to the LLC and not the estate, the decedent's will did not control that distribution. The court found that appellant had agreed as part of the settlement to waive any and all claims against the estate. The court approved the fiduciary and attorney fees and any other distributions set forth in its previous rulings. The probate court also entered an order stating that all of appellant's objections were overruled and allowing the accounts and attorney fees of appellee Amman and appellee F. Ron Hornak. The same day, the court entered an order allowing the personal representative's final account, discharged the personal representative, and closed the estate.

## II. STANDARD OF REVIEW

This Court reviews findings of the probate court, when it sits without a jury, to determine whether or not they are clearly erroneous. *In re Bennett Estate*, 255 Mich App 545, 549; 662 NW2d 772 (2003). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id.*

## III. ANALYSIS

Appellant argues that he is entitled to cash from the grain harvest on part of the 70 acres that was the subject of the settlement agreement. Because the agreement gave him 50 of the 70 acres, he argues, cash from the grain harvested on 50 acres of the land belongs to him. A necessary assumption of this argument is that growing crops are part of the real property that passes with a conveyance of the land. As support for his argument, appellant cites *Blough v Steffens*, 349 Mich 365; 84 NW2d 854 (1957).

In *Blough*, the owner of real property had entered into an agreement with a third party to have the third party cultivate and grow crops on the owner's land, and in exchange the third party would receive 2/3 of the crop and the owner would receive 1/3. *Id.* at 367. Prior to the harvest the owner sold the real property to the defendant, who thereafter refused to allow the third party access to harvest the crop. *Id.* at 367-368. The trial court and the Supreme Court determined that the defendant had express notice that the prior owner and the third party had entered the sharecrop agreement and there was an "oral understanding to reserve the corn crop entered into

prior to the sale of the farm." *Id.* at 369-370. The court cited in support of its decision the following passage from 15 Am Jur, Crops, § 13:

> "The common-law rule that growing crops pass with the title to the land upon a conveyance thereof in fee by one who owns both the crops and the land assumes the absence of a reservation of the crops. The modern authorities hold that an effectual reservation of an annual crop may be made and established by parole without violating the statute of frauds or the parole evidence rule. A reservation of the natural products of the earth, however, must be in writing." [*Id.* at 371.]

Appellant argues that it was both the presence of a sharecrop agreement and an oral notice of that sharecrop agreement in *Blough* that served to sever the crops from the real estate. He argues, accordingly, that in the absence of an oral reservation, growing crops on conveyed property follow the conveyance and that, therefore, he should receive the profit from the harvested crops. Appellant's argument misperceives the facts of *Blough*. The Supreme Court did not find that there was an express oral reservation, merely that the purchaser had knowledge of a sharecrop agreement and that this knowledge created "an oral understanding" that the crops were severed from the realty. *Id.*

This Court has also determined that a "Christmas tree crop was constructively severed from the real estate" by way of an agreement that third parties "had a right of entry to spray, prune, care for, as well as to harvest and remove" the trees. *Groth v Stillson*, 20 Mich App 704, 706-707; 174 NW2d 596 (1969). When the land on which the trees were growing was sold, the trial court found that the purchasers "had notice of the sale of the trees to third parties prior to their deed." *Id.* at 706. Noticeably absent from the facts in *Groth* is a specific reservation of the trees in the deed between the buyer and seller. See *id.* at 705-706. What the *Groth* Court focused on was the fact that the seller and the third parties considered the trees a crop and that the buyers of the real property had notice of the sale of the trees prior to receiving the deed. *Id.* at 706.

Consistent with caselaw, we conclude that the sharecrop agreement with farmer Schneider severed the crops from the realty and required that they be treated as goods or personal property, not as part of the realty. See *Blough*, 349 Mich at 374; *Groth*, 20 Mich App at 706-707. It is not important that the crops were not orally reserved. What is important is that appellant had knowledge of the sharecrop agreement at the time he entered the settlement agreement. See *Blough*, 349 Mich at 369-370, 373-374; *Groth*, 20 Mich App at 706-707.[1]

Appellant also argues that the probate court erred by issuing an order allowing appellee F. Ron Hornak's petition for attorney fees and appellee Amman's petition for personal representative fees before a scheduled hearing on December 17, 2013. He is arguing, essentially,

---

[1] Additionally, even if appellant's argument that growing crops pass to the owner of the real estate is accepted, he does not yet own the real estate. While he has an interest in the property by means of the settlement agreement, the current title owner is the LLC.

-4-

that his procedural due process rights were violated. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Matthews v Eldridge*, 424 US 319, 333; 96 S Ct 893; 47 L Ed 2d 18 (1976), quoting *Armstrong v Manzo*, 380 US 545, 552; 85 S Ct 1187; 14 L Ed 2d 62 (1965). This requires that parties be given notice and an opportunity to present their objections. *Sidun v Wayne Co Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008).

The probate court record shows that appellee Amman submitted his petition to allow accounts on August 7, 2013, and that appellee F. Ron Hornak submitted his petition for attorney fees on October 16, 2013. Appellant was able to file written responses to both petitions prior to the probate court's December 9, 2013 order. While a hearing held on November 12, 2013, primarily concerned appellee F. Ron Hornak's request for attorney fees, the record shows that the Court inquired about the fees of appellee Amman as well. Additionally, when asked to present arguments, appellant's attorney simply referred the probate court to the arguments he presented in his written responses. The probate court took the matter under advisement only because it still needed to hear from appellee Boardman.

Despite the opportunity given at the November 12, 2013 hearing, the probate court listened to the objections of appellee on this issue during the December 17, 2013 hearing. Accordingly, appellant was given "the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " His due process rights were not violated.

Affirmed.


/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Christopher M. Murray